### William Darmstaetter v. John D. Moynahan.

*Master and servant : Respondeat superior : Contractor.* One who employs
another to fill his ice-house by the cord, and obtains license from the munici-
pal authorities to incumber the street for that purpose, cannot shield himself
from liability for injuries caused by unlawfully obstructing the street with
blocks and fragments of the ice, under an objection that his employe was a con-
tractor and alone liable. *Detroit v. Corey, 9 Mich., 165,* cited and held to be
decisive of the question.

*Heard April 23. Decided April 29.*

Error to Wayne Circuit.

*Ward & Palmer,* for plaintiff in error.

*Alfred Russell,* for defendant in error.

GRAVES, J.

The plaintiff in error owned and occupied certain prem-
ises in Detroit upon which was an ice-house. Desiring to
fill this house with ice, he obtained a license from the city
to incumber the public street passing the premises, for the
accomplishment of that object. He then hired one Kehl
to fill the house, and agreed to pay him therefor two dol-
lars and fifty cents per cord. Kehl in doing this work,
left a pile of blocks and fragments of ice (covered with snow),
of considerable size, and extending from the premises from
six to nine feet out into the street. The defendant in

error, being out in the evening on a sleigh ride with his family, and passing along this street, and having no warning by light or signal of the existence of this obstruction, ran upon it, whereby his sleigh was upset, and himself and wife injured. He thereupon brought suit against the plaintiff in error and recovered, and the latter now claims that if any one is liable it is Kehl, who, it is urged, was a contractor with the plaintiff in error for putting up the ice, and acting in entire independence of the latter, and holding no such relation to him as to give an action against him for the negligence of Kehl. The jury expressly found that in the contract for putting in the ice nothing was said as to any right in plaintiff in error to control the manner of proceeding. It is admitted that if the relation between Kehl and plaintiff in error was not of that independent character claimed for it, the judgment cannot be disturbed. The case appears to be within the principle declared in *Detroit v. Corey*, *9 Mich.*, *165.*

In the opinion of the majority of the court it was said, that "when the relation of principal and agent, or master and servant, exists, the rule of *respondeat superior* is applicable, but not when the relation is that of contractor only. In all ordinary transactions the relation of contractor excludes that of principal and agent, or master and servant. But there is not necessarily such a repugnance between them that they cannot exist together. The difference between them is, that a contractor acts in his own right and for himself, whereas an agent or servant acts for and in the name of another." The majority of the court considered the city liable upon the ground that while the contractors acted for themselves, they were at the same time, and in respect to the acts complained of, the *agents* of the city. And it was observed that the sole right they had for making the excavation was as agents for the city; since if they had been proceeded against by indictment for creating a public nuisance they could not have justified in their own right, but only as agents of the city under their

contract. Without pausing to inquire into the application there made of the principle, I am not aware of any objections to the principle itself, and it seems to me to apply plainly and fully to the case before us. The plaintiff in error and Kehl seem to me to stand beyond question in the relation of principal and agent, according to the view taken in the foregoing case.

The business of Kehl was to pack, on the premises owned and occupied by the plaintiff in error, an amount of ice equal to the capacity of the house, and for which he was to be paid an agreed price per cord. The arrangement neither implied nor contemplated that Kehl should be master of the possession, or have any other or further right of entry than such as would be reasonably involved in his hiring to put up the ice; and the plaintiff in error does not appear to have invested him with any exclusive authority as to the style in which the work should be done, or to have waived the right to interpose and direct as to the mode of doing it.

The work was to be done for plaintiff in error, and under the protection of a license given by the city to him as a personal privilege; and it cannot be presumed to have been understood that this license should be used as Kehl might choose, though contrary to its spirit or beyond its import. The license was obtained by the plaintiff in error as his own shield in carrying on a piece of work by and for himself, and the work was done under it by himself by means of Kehl, who was his instrument. If Kehl had been prosecuted for creating a public nuisance, he could not have "justified in his own right," but would have been compelled "to justify as agent" of the plaintiff in error under his contract. I am therefore of opinion that the relations between Kehl and plaintiff in error were such in respect to the creation of the mischievous obstruction as to implicate the latter in responsibility for injuries to third parties not in fault.—See *Sadler v. Henlock*, 4 *El. & B.*, 570.

DARMSTAETTER v. MOYNAHAN.

This view, if correct, makes it needless to go further, and, by the concession of plaintiff in error, justifies an affirmance of the judgment.

The other Justices concurred.