[No. 14922. In Bank.—March 30, 1894.]

MARGARET H. COLGROVE et al., Respondents, v. FRED J. SMITH et al., Appellants.

Negligence—Master and Servant—Independent Contractor—Respondeat Superior.—As a general rule, the principle of *respondeat superior* does not apply where a negligent or wrongful act is that of an independent contractor or of his servant or employee, unless the superior has been guilty of negligence in contracting with an unfit person, though there are exceptions to this general rule.

Id.—Contract With City Authorities—Work Required by Ordinance—Departure From Authority—Nuisance Created by Subcontractor—Liability For—Injury to Travelers.—Persons who stand in a contract relation to the public, represented by the city authorities, to dig trenches and lay pipes in the streets in a manner required by an ordinance of the city, cannot relieve themselves of the duty imposed by t' e contract by contracting with another to do the work, which cannot be done without danger to the public; and if such work is done without authority, or not done in the manner required by the ordinance, the departure from authority creates a nuisance for which the contractor with the city is responsible to travelers on the street for injury caused thereby, notwithstanding the nuisance is created by a subcontractor having an independent contract under the contractor with the city.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Joy & Sumner, C. E. Sumner*, and *Edwin A. Meserve*, for Appellants.

The independent contractors who performed the work in this case are alone liable, and the doctrine of *respon-*

*deat superior* does not apply.  (*Boswell* v. *Laird*, 8 Cal. 469; 68 Am. Dec. 345; *Du Pratt* v. *Lick*, 38 Cal. 691; *O'Hale* v. *Sacramento*, 48 Cal. 212; *Krause* v. *Sacramento*, 48 Cal. 221; *Aston* v. *Nolan*, 63 Cal. 269; *Bennett* v. *Truebody*, 66 Cal. 509; 56 Am. Rep. 117; *Fulton County St. R. R. Co.* v. *McConnell*, 87 Ga. 756; *Hackett* v. *W. U. Tel. Co.*, 80 Wis. 187; *Overton* v. *Freeman*, 11 Com. B. 867; *Ellis* v. *Sheffield Gas Co.*, 53 L. J., N. S., 42; *Blake* v. *Ferris*, 5 N. Y. 48; 55 Am. Dec. 304; *Hilliard* v. *Richardson*, 3 Gray, 349; 63 Am. Dec. 743; *Burgess* v. *Gray*, 1 Com. B. 578; *Peachy* v. *Rowland*, 13 Com. B. 181; *Blake* v. *Ferris*, 5 N. Y. 48; 55 Am. Dec. 304; *Hobbitt* v. *London etc. R. R.*, 4 Ex. 254.)  Wherever a party is held liable for injuries received as the result of the neglect of a contractor, it will be seen that the reason for the decision was either that the party having the work done had agreed to be responsible for all such damages, or that there was a personal duty resting upon him by virtue of some statute, or that the work itself was a nuisance, or was dangerous in itself, no matter how carefully performed.  See particularly the late cases of *Curtis* v. *Kiley*, 153 Mass. 123; *Woodman* v. *Metropolitan R. R. Co.*, 149 Mass. 335; 14 Am. St. Rep. 427; *Engel* v. *Eureka Club*, 14 N. Y. Sup. 184.  Municipal corporations are not liable in this state for the negligence of contractors.  (*James* v. *San Francisco*, 6 Cal. 528; 65 Am. Dec. 526; *O'Hale* v. *Sacramento*, 48 Cal. 212; *Krause* v. *Sacramento*, 48 Cal. 221); nor for defective streets.  (*Winbigler* v. *Los Angeles*, 45 Cal. 36; *Tranter* v. *Sacramento*, 61 Cal. 271; *Barnett* v. *Contra Costa County*, 67 Cal. 77.)

*A. W. Hutton, P. C. Tonner,* and *J. W. Swanwick,* for Respondents.

Appellants had no right to use the streets of the city of Pomona for the purpose of laying water-pipes therein except upon compliance with the provisions of the constitution in regard to such use, and as they have failed to show that they complied with those provisions, they

were mere trespassers upon the street, and liable for any injury resulting from their negligence, without regard to the question of independent contractor. (Wood on Master and Servant, sec. 316, p. 624; *Stone* v. *Cheshire R. R. Co.*, 19 N. H. 427; 51 Am. Dec. 192.) The general rule that the principal is not liable for the acts of an independant contractor is conceded, but this case falls within the well-established exceptions to that rule, and the defendants herein are clearly liable. (*Stone* v. *Cheshire R. R. Co.*, 19 N. H. 427; 51 Am. Dec. 192; Wharton on Negligence, sec. 180; *Storrs* v. *City of Utica*, 17 N. Y. 104; 72 Am. Dec. 437; *Chicago* v. *Robbins*, 2 Black, 418; *Robbins* v. *Chicago*, 4 Wall. 657; *Woodman* v. *Metropolitan R. R. Co.*, 149 Mass. 335; 14 Am. St. Rep. 427.)

*Garber, Boalt & Bishop, amici curiæ*, on petition for rehearing.

The COURT.—Action for personal injuries. Appeal by defendants from the judgment, and an order denying a new trial.

Appellants, as copartners doing business under the name of the Citizens' Water Company of Pomona, obtained from the city of Pomona, by ordinance, a grant or franchise to dig trenches and lay pipes in the streets of the city, for the purpose of selling to and supplying its inhabitants with water.

Afterwards, on June 1, 1889, appellants contracted with M. O'Neill and Frank Osler to dig and fill the trenches for the pipe at a specified price per hundred feet, a part to be two feet wide; and part twenty inches wide, and all thirty inches deep. The contract contained the following clause: "Said ditches to be filled as required by city ordinance, all road crossings to be properly tamped and kept in repair for sixty days after the completion of the work. Parties digging ditch to be responsible for all damages resulting by reason of injury to, or breaking of, any pipes owned by other persons."

The ordinance required the grantee (appellants) or its assigns, immediately after laying the pipes, to restore the streets to their former condition, and have the same in as good repair as before; the work to be done under the direction, and to the satisfaction of, the superintendent of streets.

Plaintiff, Margaret A. Colgrove (wife of her coplaintiff), on June 15, 1889, was driving along Garey avenue, where defendant's pipe had been laid, and the trench improperly filled with loose dirt in which her buggy wheels sank, whereby she was thrown out and injured. There were no guards along the line of the trench, nor any notice of its unsafe condition.

Several exceptions were taken to evidence, and to the refusal of the court to give to the jury certain instructions requested by defendants, but all these exceptions present a single question arising upon the issue raised by defendants' answer, to the effect that O'Neill and Osler were independent contractors in the exclusive control of the work of filling up the ditch, and for whose negligence defendants claim they are not liable.

It is commonly stated, and in a large class of cases correctly, that the principle of *respondeat superior* does not apply where the negligent or wrongful act is that of an independent contractor, or of his servant or employee, unless the superior has been guilty of negligence in contracting with an unfit person.   For a full discussion of the general doctrine above stated see *Boswell* v. *Laird*, 8 Cal. 469; 68 Am. Dec. 345.

But there are exceptions to the general doctrine, and this case, we think, is one of them.

The board of trustees of the city was charged by the law with the care and maintenance of the streets in a safe and proper condition for the use of the public. Appellants could not lawfully dig trenches and lay waterpipes without express authority from the city.   If they had undertaken to do so, and had contracted with another to do the work, they would not by such contract have relieved themselves of liability to the city for the

trespass, nor to individuals who might have sustained special injury. Nor does the fact that they obtained from the city a franchise or permission to dig up the street and lay their pipes relieve them from more than the unlawful character of the work. They stand in a contract relation to the public, represented by the city authorities, to do the work in the manner required by the ordinance, and cannot relieve themselves of the duty imposed by that contract by contracting with another to do the work. These trenches could not be dug in the street without danger to the public. If done without authority, a nuisance would necessarily be created; and, if not done in the manner required by the ordinance, the departure creates a nuisance.

The judgment and order are affirmed.