[L. A. No. 2276. Department Two.—August 17, 1909.]

GEORGE P. LUCE, Respondent, v. ANDREW HOLLO-WAY, Appellant.

NEGLIGENCE—GRADING OF CITY STREET—LIABILITY FOR NEGLIGENCE OF SUBCONTRACTOR—OBLIGATION IMPOSED BY ORDINANCE.—A con-tractor to whom a municipal corporation had given permission to grade portions of a city street adjacent to a railroad track situated therein, the work to be done in accordance with the terms of an ordinance which imposed on him the obligation of properly protect-ing such tracks and made him responsible for any damage caused by negligence or carelessness on the part of his employees, is liable for the negligence of a subcontractor doing the grading, in permit-ting loose earth to be deposited on the track in such a manner as to derail a train.

ID.—CONTRACTOR CANNOT RELIEVE HIMSELF OF LIABILITY.—Under such circumstances, the contractor could not relieve himself from the duty of doing the work in the manner required by the ordinance by contracting to have the work done by another, and the rule of respondeat superior applies.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

James McLachlan, and Louis Luckel, for Appellant.

Anderson & Anderson, and Joseph Scott, for Respondent.

MELVIN, J.—Plaintiff and respondent was a locomotive engineer employed by the Atchison, Topeka and Santa Fe Railroad Company. While his engine was temporarily in charge of the trainmaster, but while Luce was on board, the locomotive was derailed on one of the streets of the city of Pasadena by some earth that had been piled on the track by workmen engaged in grading the street. The accident caused serious injury to plaintiff and judgment in his favor was rendered against the appellant, who was the contractor to whom permission of the city council of Pasadena had been given to pave with asphalt the street on which the railroad

track was located. This appeal is from the judgment and from an order denying a motion for a new trial.

Appellant was the contractor for private owners. His contract was for paving all of the street except that portion occupied by the railroad track and two feet on either side of it. The actual grading was in charge of subcontractors. Defendant testified·that he had nothing to do with the manner in which these subcontractors performed their work. At the time plaintiff received his injuries the graders were using a plow and their operations had caused some of the loosened earth to fall on the track.

The one question presented for our consideration is whether or not the contractor, Holloway, may be held liable for an injury due to the negligence of the subcontractors. Undoubtedly the general rule is that one who contracts to perform certain work, lawful in itself and not inherently injurious to another, is not responsible for the negligence of a subcontractor engaged in executing the work under an independent contract. Appellant's position is this: The subcontractors were employed to grade the street to a line two feet from the track on either side. To perform this work there was no necessary entry upon that portion of the railroad company's right of way covered by its track, nor any compulsion upon the graders to use that space for depositing loose earth. Therefore, appellant maintains, the act which resulted in the injury of plaintiff was collateral to the main work then going on and could not have been anticipated by appellant. In California, we are undoubtedly committed to the general rule for which appellant contends. For more than fifty years, since the decision in the case of *Boswell* v. *Laird*, 8 Cal. 487, [68 Am. Dec. 345], this court has held consistently that, generally speaking, the rule *respondeat superior* does not apply to cases in which injury results from the negligent acts of an independent contractor. Respondent concedes the force of this rule, but contends that this case on its facts comes within the well-settled general exception to the non-responsibility of the original contractor. He advances the following propositions for our consideration: 1. Appellant was granted his permit to do the work in question by the proper authorities of the city of Pasadena, and without such permission the digging up of the street would have constituted a public nuisance; 2. The .

grading was performed under the provisions of an ordinance which imposed upon the contractor certain duties. The compulsion of the ordinance was upon the contractor to whom the formal permission to dig in the street had been given, and the responsibility was of such nature that it could not be properly shifted to a subcontractor; 3. The piling of dirt upon the track arose logically, although not inevitably, from the nature of the work of grading the street; 4, Under the circumstances, the subcontractors, so far as the public was concerned, were merely agents of appellant; and 5. Therefore the doctrine *respondeat superior* applies.

In considering these propositions, let us first examine the ordinance under which, by the terms of his license, appellant was to conduct the work of paving the street. The material part of it was as follows (the italics being ours) :

"The contractor will be required to observe all the ordinances of the city council, in relation to the obstruction of streets, keeping open passageways and protecting the same where they are exposed or would be dangerous for public travel. . . . *All railroad tracks,* gas or water-pipes, connections, electrical conduits, tubing or underground structures of any character belonging to the city or others, *shall be properly protected* and the contractor shall be *responsible for any damage* that may be caused by negligence or carelessness on the part of his employees."

Other cautionary measures are enjoined on the contractor and the conclusion seems inevitable that personal duty of an unassignable character was laid upon him. In other words, he is brought squarely within the doctrine of *Colgrove* v. *Smith,* 102 Cal. 220, [36 Pac. 411]. That was a case in which plaintiff was injured by reason of the improper filling of defendant's trenches in a street of Pomona. The actual work had been done by a subcontractor. This court there said: "It is commonly stated, and in a large class of cases correctly, that the principle of *respondeat superior* does not apply where the negligent or wrongful act is that of an independent contractor or of his servant or employee, unless the superior has been guilty of negligence in contracting with an unfit person. For a full discussion of the general doctrine above stated see *Boswell* v. *Laird,* 8 Cal. 469, [68 Am. Dec. 345]. But there are exceptions to the general doctrine, and

this case, we think is one of them. The board of trustees of the city was charged by the law with the care and maintenance of the streets in a safe and proper condition for the use of the public. Appellants could not lawfully dig trenches and lay water-pipes without express authority from the city. If they had undertaken to do so, and had contracted with another to do the work, they would not by such contract have relieved themselves of liability to the city for the trespass, nor to individuals who might have sustained special injury. Nor does the fact that they obtained from the city a franchise or permission to dig up the street and lay their pipes relieve them from more than the unlawful character of the work. They stand in a contract relation to the public, represented by the city authorities, to do the work in the manner required by the ordinance, and cannot relieve themselves of the duty imposed by that contract by contracting with another to do the work. These trenches could not be dug in the street without danger to the public. If done without authority, a nuisance would necessarily be created; and, if not done in the manner required by the ordinance, the departure creates a nuisance."

The same doctrine has been frequently enunciated, notably in the well-considered case of *Woodman* v. *Metropolitan Railroad Co.,* 149 Mass. 335, [14 Am. St. Rep. 427, 21 N. E. 482], in which Mr. Justice Holmes delivered the opinion of the court. The defendant was authorized to lay a railway track in a public street in Boston. The work was protected by a temporary barrier, but defendant's subcontractor allowed certain rails to project beyond this bulkhead into the street. Plaintiff fell over these rails and was injured. In that case, the following language was used:

"In some cases a party is liable notwithstanding the intervention of an independent contractor lawfully employed. A plain case is when he is made personally responsible by statute for the prevention of the cause of the damage complained of. (*Gray* v. *Pullen,* 5 B. & S. 970.) Thus it is settled in many states that a city charged with the duty of keeping the streets in repair is answerable for an improperly guarded excavation made by a contractor; for instance, in building a sewer. (*Storrs* v. *Utica,* 17 N. Y. 104, [72 Am. Dec. 437]; *Detroit* v. *Corey,* 9 Mich. 165, [80 Am. Dec. 78]; *Birmingham* v. *Mc-*

*Cary,* 84 Ala. 469, [4 South. 630]; *Logansport* v. *Dick,* 70 Ind. 65, [36 Am. Rep. 166]; *Houston & Great Northern R. R.* v. *Meador,* 50 Tex. 77; *Circleville* v. *Neuding,* 41 Ohio St. 465, 469; *Baltimore* v. *O'Donnell,* 53 Md. 110, [36 Am. Rep. 395]; *Robbins* v. *Chicago,* 4 Wall. 657, 679; *Water Company* v. *Ware,* 16 Wall. 566.) . . . Laying the track for the defendant necessitated the digging up of the highway, and the obstruction of it with earth and materials. This obstruction would be a nuisance unless properly guarded against. The work was done under a permit issued to the defendant. Considering the general principle of the law, and also the special relations of horse railroads to the highway and the policy of the statutes, so far as the legislature has expressed itself upon the subject, we are of opinion that the defendant, having caused the highway to be obstructed, was bound at its peril to see that a nuisance was not created. (*Veazie* v. *Penobscot R. R.,* 49 Me. 119, 123. See also *Darmstaetter* v. *Moynahan,* 27 Mich. 188]." (See, also, *North Chicago Street R. R. Co.* v. *Dudgeon,* 184 Ill. 477, [56 N. E. 796].)

Many authorities have been cited to the same effect and it is clearly the settled law in many jurisdictions, including California, that the doctrine *respondeat superior* applies in cases like this.

Appellant insists that, even granting that the subcontractors are his agents, so far as his relations with the public are concerned, nevertheless he cannot be held liable for the consequences of their collateral act in piling the dirt beyond the limits of that part of the street upon which they were employed to work. There are two answers to this argument: 1. The usual method of loosening the earth in the street by a plow, the nearness to the rails of part of the area to be thus excavated, and the necessity for taking the plow sometimes across the track, all combined to make it probable that, unless vigilance should be exercised, dirt might be left on the track; and it was appellant's duty to see that the work performed under his license should be so executed as to wrong no one; 2. By the express terms of the ordinance of the city of Pasadena which, in his application for permission to do the paving on the street where the accident afterwards occurred, appellant promised to obey, he was bound properly to protect the railroad track.

The judgment and order from which this appeal is taken should be affirmed and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.