Argued July 16, decided July 22, 1913.

## ACKLES *v.* PACIFIC BRIDGE CO.

### (133 Pac. 781.)

**Master and Servant—Independent Contractor—Defenses.**

While ordinarily a master can defend on the ground that the negligence causing the plaintiff's injury was that of an independent-contractor, yet a contractor employed to construct a municipal improvement cannot defeat an action for personal injuries by one who fell through an unguarded hole in the street on that ground, where the contract referred to an ordinance requiring the contractor to guard all excavations by barriers, notices and signals.

[As to liability for negligence of independent contractors, see note in 76 Am. St. Rep. 382. As to who is an independent contractor, see note in Ann. Cas. 1913B, 573.]

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by Alice Ackles against the Pacific Bridge Company, a corporation, to recover damages for personal injuries. The defendant contracted with the City of Portland for the pavement and improvement of a portion of Alberta Street in said city. In said contract appeared the following provision: " * * Said work to be performed and completed in strict accordance with the provisions and requirements of the charter of said city, ordinances No. 14,253, as amended, and No. 21,715, and the plans and the specifications of the city engineer, on file in the office of the auditor of the said city, which charter provisions, ordinances, plans, and specifications, are hereby referred to and made a part of this contract. * * " The ordinance referred to reads as follows: "The contractor shall observe all the ordinances of the City of Portland," etc. "He shall erect and keep erected, by day and night, a fence or proper barrier along the

line of the work and across the ends of the same, in order to guard the public effectively from the danger of falling into trenches, or from upsetting their vehicles against earth thrown up during the progress of the work, and he shall post all proper notices and signals to the public of the state of the street while the work is in progress." The contract also contained the following agreement on the part of the Pacific Bridge Company: "Said work shall be performed under the personal supervision of the said contractor, and no part of this contract, nor any interest therein, shall be sublet, assigned, or transferred without the written consent of said city, by its executive board, and no such written consent shall release the contractor from any obligation, either to the said city or the persons employed by any such subcontractor, and all subcontractors shall be construed merely as employees of the said contractor. * * "

The defendant contracted with Jeffery & Buffton to do the work; and such contract seems to have been sufficient in form to have made them independent contractors, unless the agreement with the city precludes such a result. An unguarded hole was left in the street as the work progressed, into which plaintiff fell and sustained injury. The court instructed the jury that the defense offered by defendant, namely, that, if Jeffery & Buffton were independent contractors, they alone were responsible, could not be maintained in this case, and this instruction is assigned as error. The plaintiff had a verdict, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Rauch & Senn,* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the names of *Messrs. Moser & McCue* and *Mr. W. A. Williams,* with an oral argument by *Mr. Williams.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

This appeal presents practically but one proposition: Can the defendant be heard to say that Jeffery & Buffton were independent contractors, and, therefore, the parties solely responsible for the injury? That such a defense is usually available is shown by a multitude of authorities: *MacDonald* v. *O'Reilly,* 45 Or. 589 (78 Pac. 753), and cases there cited. But there is an exception to this rule which clearly includes the defendant. It is this: Where a statute or city ordinance requires certain precautions to be taken for the safety of the public in the manner of doing the work, the contractor cannot shift his liability for failure to take these precautions by employing a subcontractor: *Colgrove* v. *Smith,* 102 Cal. 220 (36 Pac. 411, 27 L. R. A. 590); *Luce* v. *Holloway,* 156 Cal. 162 (103 Pac. 886); *Storrs* v. *City of Utica,* 17 N. Y. 104 (72 Am. Dec. 437); *North Chicago St. R. R. Co.* v. *Dudgeon,* 184 Ill. 477 (56 N. E. 796); *Robbins* v. *Chicago City,* 4 Wall. 657 (18 L. Ed. 427); *Hawver* v. *Whalen,* 49 Ohio St. 69 (29 N. E. 1049, 14 L. R. A. 828); *Werthheimer* v. *Saunders,* 95 Wis. 573 (70 N. W. 824, 37 L. R. A. 146). See, also, notes to the cases last cited. Here the city ordinance required the contractor to guard with proper barriers, by day and night, the excavations made, and to post such notices and signals as would indicate to the public the condition of the street. No fence inclosed the hole into which plaintiff slipped, and no light indicated its existence. Defendant cannot permit its subcontractors to leave a dangerous trap, forbidden by the city ordinances, and in itself constituting a nuisance, and thus escape the liability entailed by the ordinance when it became the principal contractor.

This view renders it unnecessary to consider the other questions so ably presented.

The judgment is affirmed.                    AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.