[Civ. No. 5579.   First Appellate District, Division Two.—December 14, 1926.]

## VERNON W. ROBBINS, Appellant, v. HERCULES GASOLINE COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—RESPONDEAT SUPERIOR—EXCAVATIONS IN PUBLIC SIDE-WALK—DUTY OF OWNER TO PUBLIC.—Generally speaking, the rule of *respondeat superior* does not apply where injury results from the negligent acts of an independent contractor; but where the owner of property knowingly causes excavations to be made in or obstructions to be erected on the public street or sidewalk fronting his property, he owes a duty to the public to maintain sufficient warning signals thereon and cannot pass this duty on to another.

[2] ID.—REQUIREMENT FOR PERMIT—LIABILITY FOR INJURIES.—Where by statute or ordinance an owner is prohibited from excavating or obstructing a public street without permit, he is liable for injuries resulting from the failure of his contractor to maintain proper warning signals, whether the work was done with or without permit.

[3] ID. — SIDEWALK EXCAVATION BY INDEPENDENT CONTRACTOR — AB-SENCE OF PROTECTION—NONSUIT.—In this action for damages for personal injuries caused by falling into an excavation in a side-walk in a public street, plaintiff's evidence having shown that at the point where the accident occurred a sidewalk had thereto-

---

1. Nondelegable duty of employer in respect of work which will in the natural course of events produce injury unless certain precautions are taken, note, 23 A. L. R. 1016. See, also, 13 Cal. Jur. 1055; 14 R. C. L. 96.

fore been constructed, that the sidewalk had been torn up by an independent contractor, in connection with the construction of a gas-filling station on defendant's property, that the excavation had been left wholly unprotected by barrier or warning light, and that plaintiff, on a dark and stormy night, while walking along the sidewalk, fell into the excavation and was injured, a judgment of nonsuit was erroneous.

[4] ID. — EVIDENCE — PLEADING — MUNICIPAL ORDINANCE. — The cause of action having been for negligence in maintaining the excavation in the public sidewalk without proper barriers or lights, and not for violation of a municipal ordinance, a municipal ordinance regulating the making of excavations in public streets and sidewalks was admissible, as evidence of such negligence, even though it had not been pleaded in the complaint.

---

(1) 4 C. J., p. 501, n. 41; 39 C. J., p. 1348, n. 65, 66.   (2) 39 C. J., p. 1330, n. 61, p. 1335, n. 32, 38, p. 1336, n. 39.   (3) 22 C. J., p. 144, n. 24, 25, p. 147, n. 59; 28 Cyc., p. 893, n. 70; 38 Cyc., p. 1551, n. 62.   (4) 43 C. J., p. 1237, n. 60, p. 1251, n. 68.

APPEAL from a judgment of the Superior Court of Los Angeles County.   William C. Doran, Judge.   Reversed.

The facts are stated in the opinion of the court.

Charles G. Young and C. P. Johnson for Appellant.

McComb & Hall for Respondent.

NOURSE, J.—Plaintiff sued for damages caused by having fallen into an excavation in a sidewalk in a public street of the city of Los Angeles. He was nonsuited upon the ground that it appeared that the excavation had been made by an independent contractor acting under contract with the defendant. Plaintiff has appealed from the judgment of nonsuit under section 953a of the Code of Civil Procedure. The notice to the clerk given under that section called for a transcript of all evidence offered or received, acts or statements of the court, and all minutes of the court. In an affidavit filed by plaintiff's counsel and certified by the clerk it appears that the hearing on the motion for nonsuit was continued from June 9, 1924, to June 23, 1924, and this is confirmed by the judgment. It also appears that on June 23

plaintiff requested and was granted leave to reopen his case; that he thereupon offered in evidence an ordinance of the city of Los Angeles relating to and regulating the making of excavations in public streets and sidewalks, and that said offer was rejected on the ground that the ordinance had not been pleaded in the complaint.

The reasons for making the affidavit are stated to be that no reporter was present at the second hearing of the cause, that counsel for defendant refuses to stipulate as to the facts stated and that the trial judge was absent on his vacation and could not be found. The respondent at this time objects to a consideration of the facts stated in the affidavit because it has not been certified by the trial judge. Under section 953 of the Code of Civil Procedure we might return the record for proper certification, but this is not necessary because the judgment must be reversed irrespective of what appears in the affidavit.

The defendant had let a contract for the construction of a gas-filling station on its property and the contractor had made an excavation of about twenty feet in length across the sidewalk for the purpose of constructing a driveway over the sidewalk into the lot upon which the station was to be operated. This excavation was left wholly unprotected by barrier or warning light and the plaintiff, on a dark and stormy night, while walking along the sidewalk, fell into the excavation and was injured. [1] The only question presented on this record is whether the doctrine of *respondeat superior* applies.

Generally speaking, the rule does not apply where injury results from the negligent acts of an independent contractor, but it is a well-known exception to this rule that where the owner of property knowingly causes excavations to be made in or obstructions to be erected on the public street or sidewalk fronting his property, he owes a duty to the public to maintain sufficient warning signals thereon and cannot pass this duty on to another. [2] Thus, where by statute or ordinance an owner is prohibited from excavating or obstructing a public street without permit, he is liable for injuries resulting from the failure of his contractor to maintain proper warning signals whether the work was done with or without permit—in the first instance, on the theory that through the permit he has assumed the duty of the munici-

pality to maintain the street in a safe condition, and in the second instance, on the theory that, having acted in violation of law, he has created a nuisance *per se.* (*Colgrove* v. *Smith,* 102 Cal. 220, 224 [27 L. R. A. 590, 36 Pac. 411]; *Luce* v. *Holloway,* 156 Cal. 162, 165, 166 [103 Pac. 886].)

[3] When the plaintiff rested it appeared from the evidence that at the point where the alleged accident occurred a sidewalk had theretofore been constructed. It further appeared that the sidewalk had been torn up. It further appeared that the particular locality was within the city of Los Angeles. In connection with these facts it is apparent that anything which unlawfully obstructs the free passage or use of any public street is a nuisance (Civ. Code, sec. 3479), and that anyone who negligently removes any public highway is guilty of a misdemeanor. To avoid the provisions of the statutes just quoted it is oridinarily provided by ordinance how, when and in what manner excavations can be made without danger to the traveling public. It will be presumed that the ordinary course of business has been followed, that the law has been obeyed and that a person is innocent of crime. (Code Civ. Proc., sec. 1963, subds. 1, 20, 33.) At the time the motion for a nonsuit was made the motion admitted the evidence that had been introduced by the plaintiff and the inferences and presumptions in his favor. (*Goldstone* v. *Merchants' etc. Co.,* 123 Cal. 625, 627 [56 Pac. 776; *Hoff* v. *Los Angeles Pacific Co.,* 158 Cal. 596, 599 [112 Pac. 53].) In accordance with one of the presumptions above stated it will be assumed that the excavation was not made without first obtaining a permit because it will not be assumed that the defendant was guilty of a crime. However, in the case of the oral testimony that the accident occurred at night, that it was very dark at the place of the accident, that no barriers were installed, that no signal lights were in place, and that no guard was on duty, it may be reasonably inferred that the work was not done in the manner designated in the permit.

[4] As the cause must go back for a new trial it is proper to say that if the municipal ordinance is again offered in evidence it should be admitted, notwithstanding the failure to plead it in the complaint. The cause is not one for a violation of the ordinance, but is for negligence in maintaining the excavation without proper barriers or lights and the ordinance

is evidence of such negligence. (*Martin* v. *Shea*, 182 Cal. 130, 137 [187 Pac. 23] ; *Szopieray* v. *West Berkeley Express etc. Co.*, 194 Cal. 106, 113 [227 Pac. 720].)

Judgment reversed.

Preston, P. J., *pro tem.*, and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1920, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1927.