[Civ. No. 13998.   Second Dist., Div. One.   Aug. 6, 1943.]

AMELIA SAWAYA, a Minor, etc., Respondent, v. ELSIE V. DeCOU, as Executrix, etc., et al., Appellants.

A. J. O'Connor for Appellants.

Franklin B. MacCarthy for Respondent.

WHITE, J.—This action was commenced by Amelia Sawaya, a minor, by her guardian ad litem, George A. Sawaya, to recover damages for injuries sustained by her when the automobile in which she was riding struck a mound of excavated dirt and macadam on Cahuenga Boulevard, in the city of Los Angeles. By her complaint plaintiff alleged that for the purpose of making sewer connections between defendant DeCou's property and the city's main sewer line, "defendants excavated or caused to be excavated and dug, a large and deep hole in the middle of Cahuenga Boulevard and in the course of said digging and excavating threw up and piled upon the middle of said boulevard a large mound of dirt, rocks and macadam . . . the said dangerous condition

of said street or boulevard was known by defendants Bronson DeCou and Homer Toberman on said date of March 29th, 1941''; that defendants negligently suffered said excavation and dirt to remain unguarded and unlighted and without proper signals on the street, and as a proximate consequence thereof plaintiff was injured. Joined as defendants with the executrix of the will of Bronson DeCou, owner of the property where the sewer connections were being made, were the building contractor, Homer Toberman, and the sewer contractor, Andrew Jayich. By his answer defendant DeCou denied that he excavated the street or piled the dirt thereon; denied negligence and the injuries to plaintiff, and alleged that Andrew Jayich was an independent sewer contractor who had agreed to make the connection according to plans and specifications approved by the Engineering Department of the City of Los Angeles, and that if Andrew Jayich was at all negligent, DeCou was not liable therefor. A jury trial was had and a verdict in favor of plaintiff for $500 was returned against Andrew Jayich and defendant executrix who was substituted as a defendant in the place and stead of her deceased husband. The jury found in favor of the contractor, Homer Toberman. Said executrix, Elsie DeCou, alone appeals from the judgment and from an order denying a motion for a new trial, assigning as error the giving of certain instructions by the trial court.

Briefly the facts are that on October 15, 1940, Bronson DeCou entered into a contract with Homer Toberman, a licensed building contractor for the erection of some units of a motel on the property of DeCou which had been purchased by him from C. E. Toberman Company, a corporation. The contractor, Homer Toberman, son of C. E. Toberman, had no official connection with the corporation of which the latter was president, but at times acted as a part-time employee thereof. The record discloses that application to the city of Los Angeles for a permit to excavate the public street for installation of the sewer connections was made through a letter written by C. E. Toberman, president of C. E. Toberman Company, under date of October 4, 1940. The required $56 fee for said permit was paid by C. E. Toberman and a bond was furnished by the C. E. Toberman Company. C. E. Toberman testified that Bronson DeCou reimbursed him for the $56. Homer Toberman picked up the permit from the office of the Engineering Department of the City of Los An-

geles and signed therefor as follows: ''C. E. Toberman Company, by Homer Toberman.''

On January 18, 1941, Andrew Jayich, a licensed sewer contractor, entered into a contract with C. E. Toberman Company to install the sewer under the above mentioned permit and connect with the main sewer line that extended out in the center of Cahuenga Boulevard. Jayich testified that he had a contract with Mr. C. E. Toberman, and that ''Mr. C. E. Toberman gave me a payroll every week, that I didn't have no money, and so when I take the job I told him I didn't want the job, and he says he will give me—he will help me pay as I go along, and that was that''; and that he didn't see Mr. DeCou until after the accident here in question. But defendant DeCou, by way of separate and affirmative defense alleged: ''That on or about November 6, 1940, said defendant obtained the approval of the Engineering Department of the City of Los Angeles to plans and specifications for a sewer in Cahuenga Boulevard; that thereafter said defendant accepted a bid from one Andrew Jayich, sewer contractor, to construct a sewer according to said plans and specifications for the sum of $640.00; that said Jayich thereupon constructed said sewer; that said Jayich is not an employee of defendant Bronson DeCou but at all times herein mentioned was an independent contractor and acted under and pursuant to the contract for sewer construction alleged in paragraph I of this separate and affirmative defense.''

Homer Toberman testified, under section 2055 of the Code of Civil Procedure, that he was a licensed general building contractor and that he was not an official or stockholder of C. E. Toberman Company, but only a part-time employee. That in October, 1940, he started building operations on Mr. DeCou's property, which work was completed some time in April, 1941. Homer Toberman also testified that he entered into a contract with The Advance Plumbing Company to install the plumbing and fixtures but that this work only extended to the property line and that the sewer was to be brought into the curb by others.

Upon this appeal it is not denied by appellant that the excavation and the mounds of dirt resultant therefrom were not signed or marked with signals or warning devices as required by the city of Los Angeles in granting the permit to excavate, nor is respondent's contention, that the obstructions on the highway were improperly and ineffectively lighted, challenged.

▉ Appellant's main ground for reversal is the trial court's refusal to instruct the jury that unless the owner himself takes out the permit to excavate, he can not be held liable for negligent acts of his independent contractor, and that the duty to use ordinary care in so excavating is imposed upon the person to whom the permit is issued; that the mere fact of ownership does not render the defendant DeCou liable if he employs an independent contractor and does not have the full and unqualified right to control and direct said independent contractor in the construction of the sewer; or if defendant DeCou employed the general contractor as an independent contractor, he, the defendant owner would not be liable for acts of negligence of said general contractor, or if said general contractor employed a sub-contractor, the negligence of said sub-contractor could not be imputed to said owner; or that negligence on the part of the independent contractor could not be imputed to said owner; that defendant DeCou was not bound to anticipate negligence on the part of the contractors; that there was no evidence that either Andrew Jayich and/or Homer Toberman was an agent, servant or employee of Bronson DeCou.

In these contentions appellant can not be sustained. The case of *Robbins* v. *Hercules Gasoline Co.*, 80 Cal.App. 271 [251 P. 697], (hearing denied by the Supreme Court) presents a factual situation quite similar to the one existing in the case at bar. In the cited case, speaking of the application of the doctrine of *respondeat superior*, the court said: "Generally speaking, the rule does not apply where injury results from the negligent acts of an independent contractor, but it is a well-known exception to this rule that where the owner of property knowingly causes excavations to be made in or obstructions to be erected on the public street or sidewalk fronting his property, he owes a duty to the public to maintain sufficient warning signals thereon and cannot pass this duty on to another. Thus, where by statute or ordinance an owner is prohibited from excavating or obstructing a public street without permit, he is liable for injuries resulting from the failure of his contractor to maintain proper warning signals *whether the work was done with or without permit*—in the first instance, on the theory that through the permit he has assumed the duty of the municipality to maintain the street in a safe condition, and in the second instance, on the theory that, having acted in violation of law, he has created

a nuisance *per se* (*Colgrove* v. *Smith*, 102 Cal. 220 [36 P. 411, 27 L.R.A. 590]. . . ." (Emphasis added.)

The latter case is authority for the following: "It is commonly stated, and in a large class of cases correctly, that the principle of *respondeat superior* does not apply where the negligent or wrongful act is that of an independent contractor, or of his servant or employee, unless the superior has been guilty of negligence in contracting with an unfit person. . . . But there are exceptions to the general doctrine, and this case, we think, is one of them. The board of trustees of the city was charged by the law with the care and maintenance of the streets in a safe and proper condition for the use of the public. Appellants could not lawfully dig trenches and lay waterpipes without express authority from the city. If they had undertaken to do so, and had contracted with another to do the work, they would not by such contract have relieved themselves of liability to the city for the trespass, nor to individuals who might have sustained special injury. Nor does the fact that they obtained from the city a franchise or permission to dig up the street and lay their pipes relieve them from more than the unlawful character of the work. They stand in a contract relation to the public, represented by the city authorities, to do the work in the manner required by the ordinance, *and cannot relieve themselves of the duty imposed by that contract by contracting with another to do the work.* These trenches could not be dug in the street without danger to the public. If done without authority, a nuisance would necessarily be created; and, if not done in the manner required by the ordinance, the departure creates a nuisance" (emphasis added). To the same effect see *Luce* v. *Holloway*, 156 Cal. 162 [103 P. 886].

Appellant urges that no evidence was adduced at the trial to prove that defendant DeCou had any notice or knowledge of the condition of the street. However, by his answer defendant DeCou alleged that he "accepted a bid" from the contractor Jayich for the installation of the sewer connection, and there is creditable evidence that he was aware of the impending excavation of the street as indicated by his reimbursement of Mr. C. E. Toberman for the $56 expended for the permit authorizing such excavation.

Appellant places great reliance upon the case of *Wise* v. *Maxwell Hardware Company*, 94 Cal.App. 765 [271 P. 918], and particularly upon that portion of the decision on page

768 wherein the court stated: "There can be no question that an abutting property owner is not ordinarily liable for injuries resulting from obstructions created by an independent contractor." But this language is immediately followed by this statement: "Where, however, he *knows* of the dangerous condition, *or as a careful, prudent man should have known of it, the rule is otherwise.*" (Emphasis ours.) As we have heretofore pointed out, the record contains sufficient evidence to justify a finding by the jury that while defendant DeCou may have caused or permitted another to secure the permit from the municipal authorities, he had knowledge that the work was to be done or was being done and could not, therefore, relieve himself of liability for injuries sustained through the negligence of the independent contractor who obtained the permit.

The instructions given by the court were in accordance with and practically contained the identical language used in *Robbins* v. *Hercules Gasoline Co., supra.* Considered as a whole the instructions correctly advised the jury that while ordinarily the rule is that an owner is not liable for the negligent acts of an independent contractor, such rule has no application in cases like this where the owner of property knowingly causes excavations to be made in or obstructions to be erected or maintained on the public streets fronting his property. In such cases the duty he owes to the public to maintain sufficient warning signals cannot be shifted to another. The jury was properly instructed that it was for them to determine whether the owner DeCou knowingly caused the excavation and obstructions to be made or maintained in the street before such owner could be held liable. As heretofore pointed out the record herein sustains the jury's affirmative finding upon that issue.

The attempted appeal from the order denying a new trial is dismissed. Finding no error in the record, the judgment must be affirmed. It is so ordered.

York, P. J., and Doran, J., concurred.