[Civ. No. 17694.   First Dist., Div. Two.   Apr. 28, 1958.]

ANNA ALVES, Appellant, v. A. A. LOPEZ et al., Respondents.

Harrett W. Mannina for Appellant.

Ferdinand P. Palla, City Attorney (San Jose), and Elmer D. Jensen, Associate Counsel, for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of nonsuit, claiming that as to defendants A. A. Lopez, John and Mary Katsinis and city of San Jose sufficient evidence was introduced to take the case to the jury.

Lopez is a cement contractor who was engaged by Mr. and Mrs. Katsinis to repair the sidewalk in front of their property in the city of San Jose. On the night of September 29, 1953, plaintiff was walking along the sidewalk from her home adjoining that of the Katsinises when she observed a barrier across the sidewalk which Lopez had repaired. It was dark and there is evidence that there were no warning lights of any kind in the vicinity. Plaintiff went into the street to walk around the barrier. Her foot struck something hard and she fell and injured herself. She could not tell what her foot struck but as she was attempting to get up she felt

debris under her hands. She could not determine the nature or extent of this debris.

It is appellant's theory that sufficient evidence was produced before the jury to support a finding that this debris was broken cement from the old sidewalk which had been removed by Lopez and negligently left in the street.

Only two witnesses gave any evidence of seeing broken cement in the area. A Mrs. Texeira testified that on that evening, when there were no workmen about, she saw "cement broken up. . . . I just saw the broken pieces and I saw those barricades there." She did not testify specifically that any of the broken cement was in the roadway. On cross-examination this witness gave the following testimony:

"Q. So that when you came by and there wasn't anyone there, that area was fairly cleaned out, wasn't it? A. I—I couldn't swear to it, that it was cleaned or not,—all cleaned out.

"Q. But as you now recollection [sic], it was cleaned out? A. I wouldn't say for sure because I don't want to lie. There might have been a lot of rocks and little stones around there and pieces of cement, but I couldn't swear to it.

"Q. In other words then, you are not sure whether there was anything there or there wasn't, is that right? A. That is right."

An assistant City Engineer, Mr. Cunningham, testified that he inspected the area at 11 a.m. and again about 6:30 p.m. on the day of appellant's fall. He testified that at 11 a.m. he saw "broken pieces of cement" but at 6:30 p.m. the portion of the street opposite the barricades had been swept clean.

A witness who helped appellant to her home after the accident and appellant's sister who came later that evening did not see any broken pieces of cement in the street.

While the evidence produced by the plaintiff must be construed most strongly in her favor and every favorable inference indulged which might reasonably be drawn therefrom (*Sanders* v. *Macfarlane's Candies*, 119 Cal.App.2d 497, 500 [259 P.2d 1010]) it still is incumbent upon a plaintiff to produce evidence sufficient to support a logical inference in her favor. "In order to justify the submission of any question of fact to a jury, the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged." (*O'Connor* v. *Mennie*, 169 Cal. 217, 222 [146 P. 674].)

The absence of warning lights on the barrier was not a proximate cause of appellant's injuries, since she saw the barrier and started to walk around it. There is no substantial evidence from which the jury could draw a logical inference that the unidentified debris on which appellant stumbled was broken cement left in the street by the contractor. We are satisfied from a reading of the record that the court properly granted the nonsuit as to the contractor.

Any liability of Mr. and Mrs. Katsinis can only depend on their contractor's negligence which they should have foreseen and guarded against. (*Sawaya* v. *DeCou*, 60 Cal.App.2d 146 [140 P.2d 98].)

The city's liability could only be for an unsafe condition in the public street which it failed to correct for a reasonable time after notice thereof. (Gov. Code, § 53051.) The evidence failed to establish facts sufficient to impose this liability.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.