[Civ. No. 17582. Second Dist., Div. Two. May 26, 1950.]

CECELIA E. MISH et al., Respondents, v. ELLA MAE BROCKUS et al., Appellants.

Hunter & Liljestrom for Appellants.

Krag & Sweet, and Charles R. Hand for Respondents.

WILSON, J.—Plaintiffs brought this action for personal injuries suffered by plaintiff Cecelia E. Mish in an automobile accident. Defendant Robbins is Mrs. Mish's brother. At the time of the accident he was engaged to marry defendant Brockus. Prior to the trial they had been married.

The automobile in which Mrs. Mish was riding was owned by Robbins and was being driven by Miss Brockus with his consent. The other automobile involved in the accident was owned and driven by Lynn Walter who was also made a defendant in the action.

Two causes of action are set forth in the complaint: (1) alleging wilful misconduct on the part of Miss Brockus (Veh.

Code, § 403[1]) and that the negligence of Walter, concurrently with the wilful misconduct of Miss Brockus, caused the collision; (2) alleging substantially the same fact contained in the first cause of action with the addition that defendant Robbins was negligent in permitting Miss Brockus to drive the automobile knowing that she was a reckless and incompetent driver.

After trial by jury six separate verdicts were rendered, to which reference will be hereafter made, whereupon plaintiffs made a motion for judgment in their favor notwithstanding the verdict, which motion was granted.

The court found that plaintiffs' special damages amounted to $1,635.10 and rendered judgment in favor of plaintiffs for $6,635.10 against defendants Brockus and Robbins. From this judgment defendants have appealed.

The accident happened in the early part of the afternoon. The weather was clear. Defendant Robbins had driven his automobile to the home of his sister, Mrs. Mish. He was then serving in the Navy and was about to leave on a cruise. Robbins, Miss Brockus and Mrs. Mish drove to a market, Robbins doing the driving. When they were ready to leave the market Miss Brockus asked permission to drive. With Robbins' permission she then took the driver's seat, Robbins next to her, and Mrs. Mish on the right-hand side of the front seat. After having driven about a mile they approached a highway protected by boulevard stop signs. They were driving at a speed of from 20 to 25 miles per hour. As they neared the stop sign Miss Brockus applied the brake but the speed of the car was not reduced. As the car was crossing the intersection it was struck on its right side by the automobile driven by defendant Walter. Judgment was entered in favor of the latter and he is not a party to this appeal.

Since Mrs. Mish was a guest in the car neither Robbins nor Miss Brockus would be liable for her injuries unless wilful misconduct or intoxication on the part of·the driver is proved. (Veh. Code, § 403, *supra.*) Therefore no consideration will be given to the allegation of defendants' negligence, and since

---

[1]Section 403: ''No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver.''

there is no claim that either defendant was intoxicated our discussion will appertain only to alleged wilful misconduct.

Defendants contend the evidence is insufficient to establish wilful misconduct on the part of either Robbins or Miss Brockus. Before the latter began driving Mrs. Mish asked Robbins if she was able to drive and he answered in the affirmative saying she had been driving a long time. She did not drive in excess of 20 to 25 miles an hour, she remained on the proper side of the highway, and Mrs. Mish did not make any complaint concerning the manner in which Miss Brockus was driving.

Robbins testified that as they approached the intersection Miss Brockus was crying and seemed to be nervous because he, Robbins, was about to depart on a cruise and Miss Brockus was "upset" about it. Just before the accident Robbins observed Walter's car coming and knew they were going to collide. When he saw Miss Brockus was not going to stop he grabbed the wheel and tried to put on the brake. The brake did not hold because there was not sufficient hydraulic fluid in it. Miss Brockus did not attempt to keep him from getting control of the car.

Robbins testified there was nothing unusual about the conduct of Miss Brockus except that she was slightly nervous and was "crying a little bit"; there was insufficient fluid in his brakes and he had to "pump it." Mrs. Mish testified she remembered that Miss Brockus was crying before she began driving the car, that she cried some as they proceeded along the highway and stated she hated to see Robbins leave; that Miss Brockus was handling the car as any other careful driver would have handled it.

The evidence does not sustain the allegation of wilful misconduct. That term is defined in *Turner* v. *Standard Oil Co.*, 134 Cal.App. 622, 626 [25 P.2d 988], as "intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result." This definition has been approved in *Meek* v. *Fowler*, 3 Cal.2d 420, 426 [45 P.2d 194], *Stewart* v. *Kelly*, 68 Cal.App.2d 122, 126 [155 P.2d 850], and in many other cases. Wilful misconduct "necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part

of the culpable person, that danger is likely to result therefrom, coupled with a conscious failure to act to the end of averting injury'' (*Stewart* v. *Kelly, supra*) and ''implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a *possible*) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result.'' (*Meek* v. *Fowler, supra*.)

The evidence is far from bringing the instant case within the decisions above cited. There is no evidence of either a deliberate, intentional or wanton act on the part of either defendant with knowledge or appreciation that danger was likely to result from such act, and their conduct is not coupled with a conscious failure to act in order to avert injury.

■ Even though the evidence may be deemed to show negligence on the part of Miss Brockus in not attempting to reduce the speed of the car as it drew near the boulevard stop sign such act was not misconduct. Negligence of the driver as distinguished from wilful misconduct would not render the owner liable for damages resulting from the accident. Only negligence of the driver, not wilful misconduct, is imputed to the owner when the car is being driven with his consent. (Veh. Code, § 402(a)[2]; *Weber* v. *Pinyan,* 9 Cal.2d 226, 229, 233 [70 P.2d 183, 112 A.L.R. 407].)

The jury returned six verdicts reading as follows:

(1)                          ''Verdict

''Not Guilty

''We, the jury in the above entitled action, find for the defendant Lynn Walter and against the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and wife not guilty.''

(2)                          ''Verdict

''Damages in the sum of 5,000 and all Expenses Incurred.

''We, the jury in the above entitled action, find for the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and

[2]Section 402(a): ''Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.''

wife and against the defendants Ella Mae Brockus and Thomas Charles Robbins and assess their damages in the sum of $_____."

(3)                                    "VERDICT

"We, the jury in the above entitled action, find for the defendants Ella Mae Brockus, Thomas Charles Robbins, & Lynn Walter and against the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and wife."

(4)                                    "VERDICT

"We, the jury in the above entitled action, find for the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and wife and against the defendants Ella Mae Brockus, Thomas Charles Robbins, and Lynn Walter and assess their damages in the sum of $_____."

(5)                                    "VERDICT

"GUILTY OF WILFUL MISCONDUCT

"We, the jury in the above entitled action, find for the defendants Ella Mae Brockus and Thomas Charles Robbins and against the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and wife."

(6)                                    "VERDICT

"NO DAMAGES

"We, the jury in the above entitled action, find for the plaintiffs Cecelia E. Mish and Henry H. Mish, husband and wife and against the defendant Lynn Walter and assess their damages in the sum of $_____, No Damages."

All verdicts are dated March 18, 1949, and are signed by the foreman of the jury. The jury was polled separately on each verdict and each was declared to be the verdict of the jury.

After the polling and the declaration of the jury that each verdict was its verdict, the jury was discharged. Plaintiffs' motion for judgment notwithstanding the verdict was set down for argument on a subsequent date, at which time plaintiffs made a motion to "make return and entry of judgment in conformity to true verdict of jury, or in alternative, to enter judgment notwithstanding the verdict."

Plaintiffs filed affidavits of 11 of the jurors which attempted to explain what the respective jurors intended by the various verdicts and to state their individual impressions. Defendants moved to strike the affidavits from the files on

the ground that they constituted an attempt to impeach the verdict of the jury. The motion to strike the affidavits was denied and the court entered a judgment in favor of plaintiffs for the amounts above stated.

It was error to deny the motion to strike the jurors' affidavits from the files since there was no attempt to show that the verdicts were arrived at by chance. A verdict may not be impeached by affidavits of jurors as to occurrences after impanelment of the jury except where such affidavits show the verdict was arrived at "by a resort to the determination of chance." (Code Civ. Proc., § 657, subd. 2; *Phipps* v. *Patterson*, 27 Cal.App.2d 545, 546 [81 P.2d 437] ; *Rose* v. *Tandowsky*, 80 Cal.App.2d 927, 931 [183 P.2d 347].)

Verdict Number 1 is in favor of defendant Walter and Number 6 is against him but "no damages." Verdicts Numbers 2, 3, 4 and 5 are likewise inconsistent and unintelligible. Number 2, while uncertain and incomplete, is an apparent attempt to find in favor of plaintiffs without stating the amount intended to be awarded. Number 3 is clearly in favor of all three defendants and against plaintiffs. Number 4 is in favor of plaintiffs and against all defendants but the amount of damages is not assessed. Number 5, although headed "Guilty of Wilful Misconduct," is in favor of defendants Robbins and Bruckus and against plaintiffs.

The verdicts are insufficient, contradictory and incomprehensible. It was therefore the duty of the court to proceed as required by section 619 of the Code of Civil Procedure,[3] send the jury out and require them to return an understandable verdict as to all parties. Plaintiffs' counsel requested that the verdicts be corrected and that the jury be sent out for a proper verdict. Instead the court discharged the jury immediately after being polled and did not afford them an opportunity to return an intelligible verdict. In order that the court may have jurisdiction to enter a judgment notwithstanding the verdict (Code Civ. Proc., § 629) there must be a verdict. Since the several verdicts are inconsistent and, when considered together, the intent of the jury is not ascertainable, there is no verdict upon which the court could have entertained plaintiffs' motion for judgment notwithstanding the verdict.

Plaintiffs' attempt to waive special damages and their

---

[3]Code of Civil Procedure, section 619: "When the verdict is announced, if it is informal or insufficient, in not covering the issues submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

consent to a judgment for general damages in the sum of $5,000 did not cure the error, since the two verdicts (Nos. 3 and 5) against them are of no less strength and importance than the one purporting to be in their favor for $5,000.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.