[S. F. No. 21150.    In Bank.    Dec. 18, 1962.]

DELFINA GONCALVES, Plaintiff and Appellant, v. LOS BANOS MINING COMPANY et al., Defendants and Respondents; JOE MENEZES, Defendant and Appellant.

Chadeayne & Wilkinson, Kroloff, Brown, Belcher & Smart and Robert R. Elledge for Plaintiff and Appellant.

McCormick, Barstow, Sheppard & Coyle and William B. Boone for Defendant and Appellant.

Zeff, Halley & Price and William Zeff for Defendants and Respondents.

GIBSON, C. J. — Plaintiff, widow of Ernest Goncalves, brought this action for damages suffered by reason of her husband's death in an intersection collision between a car driven by defendant Menezes, in which decedent was riding as a guest, and a car operated by defendant Marjorie Sanchez in the course of her employment by defendant Los Banos Mining Company.

The jury returned a verdict for plaintiff against Menezes, but against her and in favor of Mrs. Sanchez and Los Banos. Menezes appeals from the judgment against him, and plaintiff appeals from the judgment for Los Banos and Mrs. Sanchez.

The sole question presented on the appeal by Menezes is whether the evidence is sufficient to show that he was guilty of wilful misconduct and that such misconduct was a proximate cause of the accident.

The accident occurred at the intersection of Pioneer and Ortegalita Roads in Merced County. Decedent was riding in the front seat of the Menezes car, which was proceeding in a westerly direction on Pioneer Road. Mrs. Sanchez was traveling on Ortegalita Road toward the south. Ortegalita was a through highway, and there were stop signs on Pioneer at the intersection. Both were straight, level roads traversing a flat farming country. The area northeast of the intersection was covered by alfalfa and clover, except for some weeds along the roads which rose to a level of two to three feet, and drivers traveling west and south toward the intersection could see each other's automobile.

At the time of the accident, Menezes, Frank Deniz, Mrs. Deniz and decedent were returning home after attending a funeral. Menezes, who had never been on either Pioneer or Ortegalita Road before, was driving at a speed of about 60 miles per hour, which was five miles per hour in excess of the prima facie speed limit. The stop sign was plainly visible, and when they were over 200 feet from the intersection decedent said to Menezes, ''Joe, look, there is a stop ahead.'' Menezes did not look to his right or left as he neared the intersection and did not apply his brakes until immediately before the impact. He did not wear glasses and had not had any problem with his vision prior to the accident.

■ Wilful misconduct means intentional wrongful conduct, done either with knowledge that serious injury to the guest probably will result or with a wanton and reckless disregard of the possible results. *(Gillespie* v. *Rawlings,* 49 Cal.2d 359, 367 [317 P.2d 601].)

■ The jury could have found that Menezes knew of the existence of the stop sign in sufficient time to avoid a collision by reducing his speed or stopping but that he decided to ignore the sign and proceeded into the intersection without attempting to abate his excessive rate of speed, without looking to the right or left, and without taking any other action designed to discover or avoid colliding with a vehicle approaching the intersection on Ortegalita. The evidence is sufficient to support the jury's implied finding that Menezes drove his automobile with a wanton and reckless disregard of the possible results. (Cf. *Allen* v. *Robinson,* 85 Cal. App.2d 617, 620-621 [193 P.2d 498]; *Browne* v. *Fernandez,* 140 Cal.App. 689, 692-693, 697 [36 P.2d 122].) Several cases holding that in the circumstances there involved it was not wilful misconduct to go through a stop sign are factually distinguishable. *(Winn* v. *Ferguson,* 132 Cal.App.2d 539, 541 [282 P.2d 515] [driver distracted by her 21-month-old child]; *Flannery* v. *Koch,* 103 Cal.App.2d 55, 57-58 [228 P.2d 580] [driver braked on seeing stop sign, then tried to avoid collision by increasing speed]; *Mish* v. *Brockus,* 97 Cal.App.2d 770, 772 [218 P.2d 849] [brake failure].)

■ On plaintiff's appeal the only question presented is whether the evidence establishes as a matter of law that Mrs. Sanchez was negligent and that her negligence was a proximate cause of the accident.

Mrs. Sanchez testified that she had driven on Ortegalita numerous times, that as she approached the intersection she

was looking straight ahead, and that she did not concern herself with possible approaching traffic on Pioneer because she knew there was a stop sign. She was entitled to assume that cars on Pioneer approaching the intersection would obey the stop sign, and she had a right to rely on that assumption until she knew or should have known that Menezes would disregard the sign. *(Shiya v. Reviea,* 122 Cal.App.2d 155, 163 [264 P.2d 190]; *Shivers* v. *Van Loben Sels,* 109 Cal.App.2d 286, 289 [240 P.2d 635].) It was, of course, for the jury to determine at what time prior to the collision, if at all, she should have known that Menezes would fail to stop and whether she thereafter could have taken action that would have avoided the collision. The evidence is sufficient to support the implied finding of the jury in her favor.

The judgment is affirmed.

Traynor, J., McComb, J., Peters, J., Tobriner, J., and White, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.