[Civ. No. 26377. Second Dist., Div. Four. Apr. 17, 1963.]

FRANK COSTA et al, Plaintiffs and Appellants, v. A. S. UPSON COMPANY et al., Defendants and Respondents.

Warner, Sutton & Warner, Norman Warren Alschuler, Caryl Warner and David Hyatt for Plaintiffs and Appellants.

Betts, Ely & Loomis, Betts & Loomis and Albert H. Ebright for Defendants and Respondents.

KINGSLEY, J.—Plaintiffs appeal from a judgment in favor of defendants, entered on a jury verdict in their favor, in an action for wrongful death.

Plaintiffs' son was killed when an automobile driven by him was struck broadside by a heavily loaded truck and semitrailer unit owned by defendant Upson and operated by defendant Garland. The case was submitted to the jury on instructions (not here attacked) which left to the jury the issues of negligence and contributory negligence. No contention is made but that, on these issues, the verdict finds support in the evidence. Plaintiffs complain, however, that neither of two requested instructions on the subject of what they denominate "wilful and wanton misconduct," nor the accompanying instruction that contributory negligence is not a defense to an action involving such misconduct were given.

In a recent discussion of wilful misconduct the Supreme Court defined it to mean: ". . . intentional wrongful conduct, done either with knowledge that serious injury . . . probably will result or with a wanton and reckless disregard of the possible results." (*Goncalves* v. *Los Banos Mining Co.* (1963) 58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833].) Authorities, both in California and in other states have discussed, at length, the doctrinal issues of whether or not the "knowledge" referred to in the above definition must be subjective or whether an objective test of knowledge will suffice. The parties to this action have briefed this dispute with commendable thoroughness. The dispute is intriguing but we need not decide it in this case.

A party is entitled to instructions on all issues reasonably raised by the evidence. (*Phillips* v. *G. L. Truman Excavating Co.* (1961] 55 Cal.2d 801 [13 Cal.Rptr. 401, 362 P.2d 33].) And, in determining whether or not a refused instruction should have been given, an appellant is entitled to have the evidence viewed in the light most favorable to him. (*Mau* v. *Hollywood Commercial Buildings, Inc.* (1961) 194 Cal.App.2d 459 [15 Cal.Rptr. 181].) But if the evidence, so viewed, does not raise the issue involved in a requested instruction, the instruction is properly refused.

■ If an instruction, although defective as to form, correctly states the essential elements required for its application, the trial court is required either to give it or to give some other acceptable instruction embodying the same theory of recovery. (*Sills* v. *Los Angeles Transit Lines* (1953) 40 Cal.2d 630 [255 P.2d 795].) ■ However, the trial court is under no duty to revise a requested instruction which does not, at least poorly, set forth the essentials of the theory. (*Pobor* v. *Western Pac. R.R.* (1961) 55 Cal.2d 314 [11 Cal.Rptr. 106, 359 P.2d 474].)

At the close of testimony, the court and both counsel, in chambers, discussed the instructions to be given. At his request, counsel for plaintiffs was granted additional time to prepare and file requested instructions on the wilful and wanton misconduct doctrine. Ultimately, he submitted two requests, both of which were refused. The two requested instructions were as follows:

"Plaintiffs' Instruction No. 1

"Wanton and reckless misconduct occurs when a person with no intent to cause harm, intentionally performs an act so unreasonable and dangerous that he knows or should know it is highly probable that harm will result."

"Plaintiffs' Instruction To the Jury No. 1

"You are instructed that to make an act wanton, the party doing the act or failing to act must be conscious of his conduct, and though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions that his conduct will naturally and probably result in injury to another."

It will be noted that both requests are directed to an amplification of the element of "knowledge"; neither request refers, in any manner whatsoever, to the alternative element set forth in the above quotation from the *Goncalves* case — namely "a wanton . . . disregard of the possible results."

■ We agree with the trial judge that, in the case at bar, there was no evidence which would have supported a finding in favor of plaintiffs under either requested instruction. The evidence to which plaintiffs point was as follows:

(1) *The driver operated a heavy vehicle, on a crowded highway, at a rate of speed in excess of 60 miles per hour.* We do not regard mere speed, at least within the rates of speed testified to in this case, as a fact from which a reasonable man would anticipate harm as a probable (and not a mere possible) consequence. Unlike *Goncalves* and *Jones* v. *Ayers*

(1963) 212 Cal.App.2d 646 [28 Cal.Rptr. 223], there was no showing here that the driver was aware of any stop sign or red light calling on him to reduce his speed or stop.

(2) *The driver had operated this, and other similar vehicles, for more consecutive hours than is allowed by Vehicle Code section 21702.* Contrary to the contention of plaintiffs, there was no evidence that the driver was, in fact, sleepy, tired or exhausted, much less that he was aware of any such effect on his faculties. The case, as to this item, must rest on the theory that, knowing how many hours he had driven, he was chargeable with knowledge of a physical condition which he did not recognize. Assuming that the statute, and human experience, might have charged the driver with negligence, too many drivers have driven as long or longer without accidents to permit a finding that probability of harm should have been foreseen from this item.

(3) *The driver had not seen a red light against him, nor other vehicles allegedly at the scene of the accident.* Here the very statement of the proposition shows that one essential element — consciousness of the conduct — is lacking.

It is arguable that, had an instruction phrased in terms of "wanton and reckless" disregard of consequences been requested, this item might have been of help to plaintiffs' case. In all of the cases cited to us, or which we have found, where wilful misconduct was held to have been involved, the courts have used language which embodied this theory. Thus, in *Sholar v. Barker* (1962) 211 Cal.App.2d 31 [27 Cal.Rptr. 451], defendant, who had been drinking, drove his automobile "bumper to bumper" at a speed of 80 miles an hour; the court said that this "demonstrates a wanton disregard of the serious consequences which were probable." In *Santman v. Smith* (1951) 106 Cal.App.2d 254 [234 P.2d 1036], the driver, who had been drinking, had been cautioned as to his speed and as to the presence of the other vehicle; so also, in *Goncalves v. Los Banos Mining Co., supra,* 58 Cal.2d 916, 918, although no element of intoxication was present, there had been express warnings as to speed and the stop sign. In *Jones v. Ayers, supra,* 212 Cal.App.2d 667, and in *Bristow v. Brinson* (1963) 212 Cal.App.2d 168 [27 Cal.Rptr. 796], knowledge of the stop sign was brought home to the defendant drivers. But, in all of these cases, the language used to describe the conduct was that of liability based on conscious indifference to the risk involved.

■ As we have pointed out, no instruction on this theory was requested in this case, and the trial court was under no obligation to draft and give an instruction on a theory other than that espoused by plaintiffs. In order to complain of failure to instruct on a particular issue the aggrieved party must request the specific proper instruction. (*Korakakis* v. *Freeman* (1960) 178 Cal.App.2d 331, 335 [2 Cal.Rptr. 802]; *Carbaugh* v. *White Bus Line* (1921) 51 Cal.App. 1, 5 [195 P. 1066].)

■ Since plaintiffs' proposed instructions did not relate to any issue raised by the evidence, they were properly refused, whether or not either was correct as an abstract proposition of law.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied May 3, 1963, and appellants' petition for a hearing by the Supreme Court was denied June 12, 1963.