[Civ. No. 21258. First Dist., Div. Two. Jan. 17, 1964.]

VICTOR K. SALTER et al., Plaintiffs and Appellants, v. RICHARD KELLER, Defendant and Respondent.

James G. Boornazian, Arthur Formichelli, Richard H. Merrill and Fred F. Cooper for Plaintiffs and Appellants.

Rankin, Anderson & Geary, Joseph F. Rankin and Herbert Chamberlin for Defendant and Respondent.

SHOEMAKER, P. J.—The surviving husband and children of Charlotte Salter sought damages by way of this wrongful death action against defendant Richard Keller, driver of the car in which decedent was riding as a guest; defendant Joe Zehrung, driver of the car which collided with Keller's car; and defendant Newton Zehrung, owner thereof. Keller was charged with wilful misconduct, and Joe Zehrung with negligence.

After commencement of the trial, the Zehrungs settled. After plaintiffs rested their case, defendant Keller moved for a nonsuit on the ground that plaintiffs had failed to make out a prima facie case of wilful misconduct on his part. The trial court granted the motion and entered judgment in his favor. Plaintiffs appeal from the judgment and from the order denying their motion for new trial. The latter order is nonappealable. (*Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154, 156 [338 P.2d 907].)

Appellants' sole contention is that the evidence was sufficient to support a finding that respondent was guilty of the wilful misconduct required under the California guest statute. (Veh. Code, § 17158.)

The facts of the accident are without dispute. It occurred at approximately 8 p.m., at the intersection of Pleasant Hill Road and Westover Drive in Contra Costa County. Both streets are two-lane. Traffic at the intersection is controlled by two stop signs facing east-west traffic on Westover so as to cause vehicles to stop before crossing Pleasant Hill Road. In addition, the word "Stop" is painted on the roadway at the edge of Pleasant Hill Road. Immediately prior to the acci-

dent, respondent Keller was proceeding west on Westover Drive at the speed of approximately 20 to 25 miles per hour. He had just picked up the decedent at her home and was en route to choir practice. The decedent occupied the right rear seat of the car. Respondent Keller drove along Westover Drive with the intent of continuing this way until he reached Pleasant Hill Road and then turning right. He had twice previously traveled the same route, and knew of the stop sign at Pleasant Hill Road. At some point prior to the Pleasant Hill intersection, however, respondent turned his head to speak to the decedent. While his attention was thus diverted, he drove into the Pleasant Hill intersection without slackening his speed, and collided with the Zehrung car, which was proceeding south on Pleasant Hill Road. Immediately after the accident, respondent informed a bystander that he ''was at fault,'' and that he had turned his head to talk to the decedent and had run the stop sign. In a statement to the police taken one hour after the accident, respondent stated that when he turned to speak to his passenger, he thought that he was approaching the intersection one block east of Pleasant Hill Road. He also stated that he did not see the stop sign or the other car prior to the collision. At the trial, respondent was unable to recall any of the events which took place after he turned onto Westover Drive.

In determining whether the granting of a nonsuit was proper, the appellate court must resolve every conflict in the testimony in favor of the plaintiff, consider every inference and presumption which can reasonably be deemed to support the plaintiff, and accept as true all evidence, direct or indirect, which tends to sustain the plaintiff's case. (*Coates* v. *Chinn* (1958) 51 Cal.2d 304, 306-307 [332 P.2d 289].) It is also the rule that it is incumbent upon the plaintiff to produce evidence which supports a logical inference in his favor and which does more than raise a mere conjecture or surmise that the fact is as alleged. (*Alves* v. *Lopez* (1958) 159 Cal.App.2d 705, 707 [324 P.2d 652].)

In the instant case, respondent was negligent in the operation of his vehicle and such negligence was a proximate cause of the fatal injuries sustained by appellants' deceased.

However, it is settled that ''wilful misconduct'' means something different from and more than negligence, however gross. (*Porter* v. *Hofman* (1938) 12 Cal.2d 445, 448 [85 P.2d 447]; *Jones* v. *Ayers* (1963) 212 Cal.App.2d 646, 650 [28 Cal.Rptr. 223].) ''Wilful misconduct means intentional wrongful conduct, done either with knowledge

that serious injury to the guest probably will result or with a wanton and reckless disregard of the possible results." (*Goncalves* v. *Los Banos Mining Co.* (1962) 58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833].) The mere failure to obey a stop sign at an intersecting highway is not, in itself, substantial evidence of wilful misconduct. (See *Jones* v. *Ayers, supra,* at p. 650, and cases therein cited.) Where certain other circumstances are also present, however, the evidence may be sufficient to support a finding that the defendant acted with a wanton and reckless disregard of the possible results. (*Goncalves* v. *Los Banos Mining Co., supra,* at p. 918.)

Appellants, in contending that such additional factors are present in the instant case, rely upon *Bristow* v. *Brinson* (1963) 212 Cal.App.2d 168 [27 Cal.Rptr. 796], and *Frank* v. *Myers* (1936) 16 Cal.App.2d 16 [60 P.2d 144]. Both cases are readily distinguishable on their facts.

In the *Bristow* case, defendant driver proceeded past a "Stop Ahead" sign, through a stop sign, and into a blind intersection at the speed of 40 miles per hour, despite the fact that he was thoroughly familiar with the area, was looking straight ahead, and was not distracted by any conversation in the car. The court, in reversing a judgment of nonsuit in his favor, pointed out that the evidence was sufficient to support the inference that his act of driving through the stop sign was one of deliberate choice and not a result of inadvertence (p. 175).

In the *Frank* case, the defendant drove on an important Los Angeles thoroughfare at a rapid rate of speed with her head turned in the opposite direction from which her car was proceeding and persisted in this conduct for a distance of over 300 feet despite the protests of her passenger. She ultimately struck a parked car with such violence as to hurl it 50 feet from the point of impact. The appellate court, in reversing a judgment upon a directed verdict in favor of the defendant, held that the question of whether she was guilty of wilful misconduct ought to have been submitted to the jury. Our record is devoid of any evidence indicating that respondent behaved with any such wanton or reckless disregard of a known danger. To the contrary, the evidence reveals that he was traveling at a moderate rate of speed on a road with which he was somewhat familiar; that he was aware of the stop sign at Pleasant Hill Road and intended to turn right onto that thoroughfare; that he allowed his atten-

tion to be momentarily diverted from the road as he approached this intersection for the reason that he mistakenly believed he was still one block east of Pleasant Hill Road. This conduct clearly did not amount to wilful misconduct and would appear to fall squarely within the rule set forth in *Winn* v. *Ferguson* (1955) 132 Cal.App.2d 539 [282 P.2d 515], and *Porter* v. *Hofman, supra.*

These authorities fully support the trial court's action in concluding that appellants did not sustain their burden of producing evidence sufficient to support a finding that respondent was guilty of wilful misconduct.

The appeal from the order denying appellants a new trial is dismissed, and the judgment is affirmed.

Agee, J., and Taylor, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 11, 1964. Peters, J., was of the opinion that the petition should be granted.