**Manuel T. PAULINO and Josefina C. Paulino, Plaintiffs-Appellants,**

v.

**Antonio Leon GUERRERO FINONA, and Jose T. Finona, Defendants-Appellees.**

**No. 26381.**

United States Court of Appeals, Ninth Circuit.

May 25, 1971.

Howard G. Trapp (argued), of Trapp & Gayle, Agana, Guam, David S. Madis, Livermore, Cal., for appellants.

E. R. Crain (argued), of Crain, Rathbun & Shoecraft, Agana, Guam, for appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

The sole issue raised by this appeal is whether the trial court properly dismissed, at the close of appellants' evidence, their action for wrongful death against the driver and the owner of the vehicle in which their son was killed. The parties are in agreement that the dismissal should be treated as a directed verdict. We affirm.

The facts and applicable law are not disputed by the parties. Appellants' son was killed when the car in which he was a guest left the road and rolled over several times. The accident occurred as the car approached a slight curve in the road that was wet. This condition of the road was not apparent to the driver until after the accident occurred. The car was traveling at a speed of 5 m. p. h. faster than the 45 m. p. h. speed limit. The driver momentarily took his eyes off the road to engage his two passengers in conversation.

The dismissal, or more properly the directed verdict, was proper if there was no substantial evidence to support a finding that the death of appellants' son resulted from the driver's wilful misconduct within the meaning of Guam Government Code § 23550, which is derived from California Vehicle Code § 17158. The parties agree that for a definition of wilful misconduct we must look to California law and that wilful misconduct has been defined by the courts of California to mean intentionally acting with the knowledge that serious injury is the probable result or with wanton and reckless disregard of the consequences.

334

We conclude that, under California cases applying this standard of wilful misconduct, there was no substantial evidence of wilful misconduct in this case. The cases discussed *infra,* and relied upon by appellants to support the proposition that the speed of the car, coupled with a slippery road, curves and distracted attention constituted wilful misconduct, are readily distinguishable on their facts in that they involve, in addition to inattention, obviously dangerous situations. In Hill v. Perry, 224 Cal.App.2d 290, 36 Cal.Rptr. 530 (1964), the defendant diverted his attention from the road while driving a truck with known faulty brakes at a speed of 70 m. p. h. in a 55 m. p. h. zone over a road on which he knew vehicles could not be observed ahead at any considerable distance. In Espe v. Salisbury, 262 Cal.App.2d 621, 68 Cal.Rptr. 796 (1968), the defendant was a 14-year-old unlicensed and inexperienced driver, whose misjudgments, said the court, would not have been a basis for a finding of wilful misconduct in the case of an ordinary driver. In the case before us, the driver was 18 at the time of the accident, and there was no evidence that he lacked a driver's license or experience. In Hart v. Wielt, 4 Cal.App.3d 224, 84 Cal.Rptr. 220 (1970), the defendant drove at an excessive speed on a curvy mountain road that he knew was icy.

There was no more evidence of wilful misconduct in this case than in cases in which California courts have found the evidence lacking as a matter of law. In Porter v. Hofman, 12 Cal.2d 445, 85 P. 2d 447 (1938), turning to engage passengers in the rear seat in conversation while driving a car 45 m. p. h. on a slightly descending road that was wet from rain was not wilful misconduct. In Winn v. Ferguson, 132 Cal.App.2d 539, 282 P.2d 515 (1955) and Salter v. Keller, 224 Cal.App.2d 126, 36 Cal.Rptr. 430 (1964), failing to stop at a stop sign because of diverted attention was not wilful misconduct.

The judgment is affirmed.