Filed 6/30/21  Truyou Health Inc. v. Creative Flavor Concepts, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRUYOU HEALTH INC., | |
| Plaintiff and Respondent, | G059256 |
| v. | (Super. Ct. No. 30-2017-00945121) |
| CREATIVE FLAVOR CONCEPTS, INC., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Bowles & Johnson and David K. Bowles, for Defendants and Appellants.

Rogers, MacLeith & Stolp and Douglas R. MacLeith, for Plaintiff and Respondent.

\*          \*          \*

A jury purported to enter a verdict finding that defendant Richard Fischler intentionally interfered with a contract between plaintiff Truyou Health, Inc. (Truyou) and nonparty Interush Media, Inc. (Interush). Fischler then filed a motion for judgment notwithstanding the verdict (JNOV). In its analysis of the motion, the trial court found no verdict had been reached because the jury's findings were in conflict and irreconcilable. So, it denied the motion but granted a new trial. On appeal, Fischler argues the court erred by denying his JNOV motion because there was no contract with which he could interfere.

We affirm the trial court's order without reaching the merits of Fischler's argument. As a matter of law, a court cannot grant a JNOV motion if the jury has not rendered a verdict. Fischler does not challenge this aspect of the court's ruling. Thus, the court correctly denied Fischler's JNOV motion since no verdict had been rendered.[1]

I

FACTS

Truyou sells an energy drink mix. In 2012, its predecessor in interest agreed to supply nonparty Interush with the product for distribution in Asia (the 2012 agreement). Truyou does not manufacture the mix itself. During the relevant time period, it purchased mix manufactured by defendant Creative Flavor Concepts (Creative) and then sold it to Interush. Fischler was Creative's CEO during this period.

In 2015, Truyou, Creative, and Interush entered into an agreement that restructured the parties' relationship (the 2015 agreement). The recitals of the 2015 agreement noted the parties' existing relationship, in which Creative manufactured the

---

[1] We grant Fischler's unopposed motion to augment the record on appeal with trial exhibit 214, which consisted of e-mail correspondence between representatives of Truyou and Interush.

mix for Truyou, which then sold it to Interush. The recitals further stated that the parties "desire[d] that [Creative] manufacture and sell its goods to Interush directly" and that Truyou would "serve as [Creative's] broker with respect to [Creative's] sale of goods to Interush" and receive a commission.

Truyou filed this lawsuit in September 2017 asserting claims for breach of contract against Creative and intentional interference with contract and fraud against Creative and Fischler. The breach of contract claim asserted that Creative had breached the 2015 agreement by failing to make commission payments. The fraud and interference claims were based on allegations that Truyou was fraudulently induced into entering the 2015 agreement. In particular, Fischler and Creative falsely promised that Creative would act in good faith and would not attempt to circumvent the 2015 agreement. However, Truyou alleged that after the 2015 agreement was signed, Creative stopped paying commissions and attempted to cut Truyou out of the deal.

The case went to trial. The jury found against Truyou on the breach of contract and fraud claims. The intentional interference with contract claim was split into two separate verdict forms. One verdict form focused solely on Fischler's liability, while the other focused solely on Creative's liability. The parties do not explain why this occurred. Regardless, the jury inexplicably found Fischler was liable on the intentional interference claim but Creative was not. The jury awarded Truyou $93,184 in compensatory damages and $47,500 in punitive damages against Fischler.

Following entry of judgment, Fischler filed a motion for JNOV or, in the alternative, for a new trial. Among other things, he argued the 2012 agreement could not be interfered with because it was abandoned and replaced by the 2015 agreement. The trial court denied Fischler's JNOV motion but granted a new trial.[2] Fischler appeals the order denying his JNOV motion.

---

[2] Truyou also filed a JNOV motion, which was denied.

II

DISCUSSION

To establish a claim for intentional interference with contract, Truyou must show, among other things, that Fischler interfered with an existing, valid contract. (*Ghazarian v. Magellan Health, Inc.* (2020) 53 Cal.App.5th 171, 191 [stating elements of the claim].) Fischler argues that Truyou cannot meet this requirement. Truyou's claim is based on interference with the 2012 agreement, but Fischler contends it was superseded by the 2015 agreement. As such, there was no contract with which Fischler could interfere, and he maintains the trial court erred as a matter of law by denying his JNOV motion. We disagree.

For a court to "have jurisdiction to enter a judgment notwithstanding the verdict . . . there must be a verdict." (*Mish v. Brockus* (1950) 97 Cal.App.2d 770, 776; Code Civ. Proc., § 629, subd. (a).) When the jury's verdicts "are inconsistent and, when considered together, the intent of the jury is not ascertainable, there is no verdict upon which the court [can] entertain[] [a] motion for judgment notwithstanding the verdict." (*Mish*, at p. 776.) In such a scenario, the remedy "is not to grant judgment as a matter of law in favor of one of the parties, but rather, to order a new trial." (*Stillwell v. The Salvation Army* (2008) 167 Cal.App.4th 360, 375-376.)

Here, the trial court's denial of Fischler's JNOV motion was based on a finding that no verdict had been rendered due to irreconcilable conflicts in the jury's verdict. The court found the jury's finding that Fischler interfered with the 2012 agreement was inconsistent with its finding that Fischler and Creative did not defraud Truyou. Further, although the jury found that Creative did not breach the 2015 agreement, their award of compensatory damages against Fischler "consisted entirely of unpaid commissions owed under the [2015 agreement]." The court concluded "[t]he finding that Fischler interfered with the [2012 agreement] cannot be reconciled with the Jury's finding that Fischler intended to abide by the promises made in the [2015

4

agreement], including the promise to act in good faith.  Similarly, the jury's finding that Fischler is liable for unpaid commissions under the [2015 agreement] and the finding that [Creative] did not breach the [2015 agreement] are also inconsistent."

Fischler's argument relies on the existence of a verdict.  In other words, we can only consider his argument if the trial court erred in finding that no verdict had been rendered.  (*Stillwell v. The Salvation Army*, *supra*, 167 Cal.App.4th at pp. 375-377; *Mish v. Brockus*, *supra*, 97 Cal.App.2d at p. 776.)  But Fischler does not contest this finding, and we will not make arguments or search the record for errors on his behalf.  (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)  Since Fischler has not met his burden of showing that the court erred in finding that no verdict was rendered, we affirm the order.  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 [the court's ruling is presumed correct, and the appellant has the burden of showing error].)

III

DISPOSITION

The trial court's order is affirmed.  Truyou is entitled to its costs on appeal.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

5