335 P.2d 157]

[Civ. No. 9440.   Third Dist.   Feb. 13, 1959.]

ANGELA RUBALCABA, Appellant, v. EDWARD F. SWEENEY, JR., Respondent.

Mannino & Lancaster for Appellant.

McLaughlin & Russell for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a defense verdict in a personal injury action.

Appellant was injured when struck by respondent's automobile on a street in downtown Sacramento. The complaint as amended alleged that at the time of the accident, which occurred at night, appellant was "a pedestrian proceeding in a generally northerly direction across Capitol Avenue." However, at the trial appellant testified that he was not crossing the street, but was starting to open the door on the driver's side of his parked automobile. Other than the statements in the verified complaint and some testimony given by plaintiff in a pretrial deposition, there was no proof that when injured appellant was crossing the street. Respondent testified that he did not see appellant until the moment of impact.

Appellant contends that, taking the whole record, it was error for the court to instruct upon his duties as a pedestrian crossing the street. The court told the jury that section 562 of the Vehicle Code requires a pedestrian crossing a roadway at any point other than a marked crosswalk or within an unmarked crosswalk at an intersection to yield the right of way to all vehicles upon the street; that although a pedestrian has a right to cross a street at any point the statutory standard of care which must govern his conduct while so doing requires (1) that if he crosses within a marked crosswalk or at an intersection within a crosswalk, whether marked or not, he has the right of way over vehicles, but (2) if he crosses the street in any other place he is required to yield the right of way to all vehicles on the street that are so near as to constitute an immediate hazard.

■ It has been held to be prejudicially erroneous to instruct a jury as to the provisions of section 562 of the Vehicle Code where the evidence does not show that the plaintiff was in fact crossing the street. (*Kuist* v. *Curran*, 116 Cal.App.2d 404, 408-409 [253 P.2d 281].) ■ However, we are persuaded that in this case the jury could conclude that plaintiff was in fact crossing Capitol Avenue from north to south between the crosswalks and therefore that it was not error to

give the instruction complained of as to his duties under such circumstances. As heretofore noted, there was an allegation in plaintiff's complaint that at the time of the accident he was a pedestrian proceeding in a generally northerly direction across Capitol Avenue. Prior to trial his deposition was taken and the following questions and answers appear in that document which was introduced in evidence for all purposes: "Q. Were you going to go across Capitol Avenue at the time of the accident? A. Yes. . . . Q. Were you out in the street when you saw the car? A. Yes. . . . Q. How far did you get out in the street before you were hit? A. I remember starting to cross but I don't remember anything after that. Q. You say you remember starting to cross. Do you mean that you just got out just a few steps or so when you were hit? A. Yes, I believe that is what happened. . . . Q. In any event, you were intending to go across Capitol Avenue, is that correct? A. Yes."

It is true that there were also answers contained in the deposition which apparently conflict with the foregoing, and it is an unfortunate part of this phase of the case that plaintiff, being deficient in the English language, was compelled to give his testimony through an interpreter. When the whole of his testimony on deposition is read it is quite apparent that it lacks clarity and definition due to language difficulties. However, all these matters were before the jury. The entire deposition was read to them, the issue as to whether he was standing by his automobile, as he said at the trial he was, or was crossing between intersections was thoroughly presented to the jury and it must be said that they could have concluded that he was crossing when hit and in that situation it was proper to give the instructions upon the duties of one so crossing.

Appellant next contends that it was prejudicial error for the court to refuse to give the following instruction: "General human experience justifies the inference that when one looks in the direction of an object clearly visible he sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive. . . ."

The instruction should have been given. The proof of defendant's negligence rested significantly in his own testimony

that he did not see the plaintiff until the moment of impact, notwithstanding his lights were on high beam. It was fairly inferable that plaintiff was clearly visible to him had he been looking in the direction he was traveling. While it has sometimes been said that the instruction on looking but not seeing deals with the commonplace, that is with matters well within the knowledge of any jury, nevertheless in this case and on this record the instruction should have been given. Further it ought to have been brought to the jury's attention that, when a defendant testifies he looked but did not see that which was clearly visible, the jury can infer he is falsely testifying in order to excuse his failure to avoid injuring plaintiff, and that therefore he is to be distrusted in other parts of his testimony.

Plaintiff requested and the court refused to give the following instruction: "You are instructed that the plaintiff and the defendant were both chargeable only with the exercise of ordinary care, but a greater amount of such care was required of the defendant at the time of the accident in question by reason of the fact that he was driving and operating an automobile, which is an instrumentality capable of inflicting serious and often fatal injuries upon others using the highway." This was a correct instruction and ought to have been given. Other instructions spoke only of the obligation resting upon both the plaintiff and the defendant to use ordinary care in their conduct toward each other. It should have been called to the attention of the jury that although the degree of care, that is ordinary care, was the same as to both, nevertheless since defendant was operating an automobile he was chargeable with a duty to use a greater quantum of care by reason of the added danger of the instrumentality he was propelling than the quantum of care required of plaintiff as a pedestrian. (See *Dawson* v. *Lalanne*, 22 Cal.App.2d 314 [70 P.2d 1002]; *Cucinella* v. *Weston Biscuit Co., Inc.*, 42 Cal. 2d 71 [265 P.2d 513].) In the Cucinella case, although the Supreme Court stated that the instruction here under discussion should have been given in order to point out the disparity of the amount of care required of the operator of an automobile and the amount of care required of a pedestrian, nevertheless in that case there were a number of instructions found by the Supreme Court to minimize the effect of the refusal to give the instruction we are discussing. We find no such minimizing effect in this case from any other instructions that were given. A perusal of the instructions leaves one

with the impression that the amount of care required was the same for drivers and pedestrians.

Appellant also requested the following instruction and charges error in the court's refusal to give it: "If it should appear from the evidence in this case that the defendant driver Sweeney, through negligence did not know of plaintiff's presence on the street, this fact is no excuse for conduct which would be negligent or careless if he had known of Mr. Rubalcaba's presence." This instruction also should have been given. We think it easier for a jury to excuse a driver who collides with a pedestrian if they believe that the driver did not see the pedestrian than it is for them to excuse the driver who sees and nevertheless injures the pedestrian.

The remaining question is whether or not the errors in refusal of instructions were prejudicial to the extent to require reversal under the constitutional admonition. In considering that question we wish to call attention to an instruction that was given and which, since the trial of the above entitled case, has been declared by the Supreme Court to be erroneous. (*Alarid* v. *Vanier*, 50 Cal.2d 617, 624 [327 P.2d 897].) The court instructed the jury that: "Failure to yield to one whom the law has given the right of way is negligence unless circumstances resulting from causes beyond the control of the driver or pedestrian are such as to excuse and justify him in such failure, judging his conduct in the light of what reasonably might have been expected from a person of ordinary prudence." Appellant does not complain of the giving of that instruction and we cannot tell from the record brought up who requested it. It may well be that it was requested by appellant himself. Nevertheless it was erroneous and it did place upon appellant a well-nigh impossible burden if the jury should find that he failed to yield the right of way, for it could hardly be said to be possible for him to have proved under the facts shown in this case that circumstances beyond his control had caused him to fail to obey the law. We think it proper therefore to consider this instruction and its possible effect in determining whether on the whole record the judgment ought to be reversed. After considering that record we come to the conclusion that the errors pointed out do require reversal.

Accordingly, the judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 8, 1959.