[Civ. No. 23121.  First Dist., Div. Three.  Feb. 20, 1967.]

LINDA ARENTZ, a Minor, etc., Plaintiff and Appellant, v. GEORGE N. BLACKSHERE et al., Defendants and Respondents.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

William E. Jageman for Plaintiff and Appellant.

Hagar, Crosby & Rosson, Edwin A. Heafey, Jr., and Daniel E. Cummins for Defendants and Respondents.

DRAPER, P. J.—Plaintiff pedestrian appeals from judgment entered upon jury verdict for defendants.

Plaintiff crossed McArthur Boulevard at 35th Street, Oakland, with the green light. She travelled from north to south. Defendant driver, son of the other two defendants, was travelling north on 35th. He stopped behind two cars at the signal at McArthur. When it turned green and the other cars cleared the intersection, he entered it, made a left turn on McArthur, and his car struck plaintiff. The evidence is in conflict as to whether she was in the marked crosswalk, walking, or was

outside it, running. Thus a verdict either way would find support, and no issue is raised as to sufficiency of the evidence.

Plaintiff offered, and the court rejected, an instruction that both parties were "chargeable with the exercise of ordinary care, but a greater amount of such care was required of the defendant motorist . . . by reason of the fact that he was driving . . . an automobile which is an instrumentality capable of inflicting serious . . . injuries. . . ."

Refusal of the identical instruction has been held to be error (*Johnson* v. *Popso,* 194 Cal.App.2d 449 [14 Cal.Rptr. 834]; *Rubalcaba* v. *Sweeney,* 168 Cal.App.2d 1 [335 P.2d 157]). A decision of the Supreme Court (*Cucinella* v. *Weston Biscuit Co.,* 42 Cal.2d 71 [265 P.2d 513]) holds that refusal of a comparable instruction is erroneous, although it was not prejudicial under the facts there presented and in light of other instructions given. *Cucinella* forecloses argument that the rejection was not erroneous.

Plaintiff also asserts error in the refusal of her proposed instruction that "If it should appear from the evidence in this case that the defendant driver did not know of plaintiff's presence on the street, this fact is no excuse of conduct which would be negligent or careless if he had known of plaintiff's presence." Refusal of this instruction also has been held to be error (*Johnson* v. *Popso, supra,* 194 Cal.App.2d 449; *Rubalcaba* v. *Sweeney, supra,* 168 Cal.App.2d 1).

It is, of course, readily arguable that the instruction merely states what is already known to the jurors or covered in the usual instructions defining negligence and the vigilance required of a driver. In general, we are inclined to refrain from requiring instructions not really essential, since they serve to increase trial time, and may distract jury attention from more pertinent points of the charge. We are not bound by the decisions of other Courts of Appeal. But more than comity induces us to follow them. The rule of *Rubalcaba* and *Johnson* has stood without contradiction for seven years, and thus has been binding upon the trial courts of the state (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]). For us to adopt a different view now would but create uncertainty for the future, and confusion in motions for new trial now pending, as well as proliferating future appeals. We therefore accept the rule that this instruction must be given if requested.

The remaining question is whether the error in refus-

ing these two instructions was prejudicial (Cal. Const., art. VI, § 13, [formerly § 4½] ). Both instructions dealt only with the duty of defendant driver. But there was no issue as to his negligence. He readily admitted on the stand that he did not see the pedestrian, and that as soon as the collision occurred, "I knew I was at fault." Defense counsel did not argue that his client was not negligent. Rather, he told the jury "the question of liability resolves itself into a question of contributory negligence," and he argued only that issue. The two instructions erroneously refused were relevant in this case only as they related to negligence of the driver. But that, being admitted, was not an issue. In a broad sense there is, of course, some intertwining of the fact questions relating to negligence of the two parties, but the evidence and the arguments directed jury attention only to the conduct of plaintiff. These instructions did not bear on that issue, their essence was covered in other instructions, and their omission was not prejudicial (*Cucinella* v. *Weston Biscuit Co., supra,* 42 Cal.2d 71).

Refusal of another instruction requested by plaintiff was proper, because it was erroneous in content. ■ Plaintiff's request to be advised what instructions were to be given was not made until after her opening argument and defense argument had both been completed. Thus, it was too late (Code Civ. Proc., § 607a) and the court was not required to disrupt the time schedule to which both counsel had agreed to give such advice. We find no other error.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1967. Peters, J., was of the opinion that the petition should be granted.