Filed 10/19/22  Cal. Capitol Insurance Co. v. Hoehn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| CALIFORNIA CAPITOL INSURANCE COMPANY et al., <br><br>        Plaintiffs and Respondents, <br><br>   v. <br><br> CORY MICHAEL HOEHN, <br><br>        Defendant and Appellant. | C092450 <br><br> (Super. Ct. No. SCV0026851) |

In 2020, appellant Cory Michael Hoehn filed a motion to set aside default and a 2011 default judgment.  The trial court denied the motion, ruling it was untimely as to a theory of improper service of process, and unpersuasive as to a theory of extrinsic fraud.  We affirm.

## I.  BACKGROUND

In March 2010, California Capital Insurance Company (Capital Insurance) filed a civil action alleging that Hoehn's negligence caused a June 2009 fire in a Roseville

1

apartment building where Hoehn lived at the time.  Pursuing a subrogation claim, Capital Insurance sought reimbursement of over $470,000 the company paid to the owner of the damaged apartment building under an insurance policy.

In April 2011, after Capital Insurance provided proof of substituted service of process on Hoehn, the trial court entered default judgment against Hoehn.  The proof included a declaration under penalty of perjury by a registered California process server, stating that—on five occasions between March 27 and April 1, 2010—she attempted to serve Hoehn personally at his home in San Mateo.  On the fifth unsuccessful attempt, on April 1, 2010, the process server "[s]ub-served to" Hoehn's girlfriend (a "[c]o-[o]ccupant") at the residence, as Hoehn was "not home."

The process server further declared that, the day after substituted service, she mailed copies of the complaint and summons to Hoehn at his San Mateo residence.

In March 2020, Hoehn moved to set aside default and default judgment, and for leave to file an answer to the 2010 complaint.[1]  Submitting a declaration in support of his motion, Hoehn argued he did "not recall seeing the [c]omplaint or [s]ummons at any time"; he "never received the [c]omplaint or [s]ummons or any legal paperwork from" his girlfriend; and that—as his girlfriend "did not live with" him—Capital Insurance "falsely claimed that [his] girlfriend . . . was a '[c]o-[o]occupant and 'member of the household' of . . . Hoehn's residence" in San Mateo in 2010.

Thus, Hoehn argued, the judgment entered against him was "void because the service of summons was not made in the manner prescribed by" Code of Civil Procedure

---

[1] After entry of judgment and before Hoehn filed this motion, Capital Insurance assigned its rights in connection with the judgment to Sequoia Concepts, Inc., the respondent in this appeal.

section 415.20, subdivision (b).[2]  And pursuant to section 473, subdivision (d),[3] Hoehn contended, the void judgment could be set aside.  Hoehn also argued the judgment could be "set aside on the theory of its invalidity . . . on the grounds of extrinsic fraud."

The trial court denied Hoehn's motion, ruling it: (1) was untimely with respect to the theory of improper service of process, as the judgment was facially valid; and (2) was unpersuasive on the theory of extrinsic fraud, as Hoehn "fail[ed] to demonstrate" that a "proof of service of summons misidentif[ying] [Hoehn's girlfriend] as a co-occupant" "constitute[d] extrinsic fraud."

Hoehn timely appealed.

## II.  DISCUSSION

*A.        Background Legal Principles*

"[A] party who has not actually been served with summons has [multiple] avenues of relief from a default judgment."  (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180 (*Trackman*).)

"First, . . . section 473.5, subdivision (a) provides," as relevant here, that " '[w]hen service of a summons has not resulted in actual notice to a party in time to defend the

---

[2] Which provides, in relevant part:  "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail . . . at the place where a copy of the summons and complaint were left."  (Code Civ. Proc., § 415.20, subd. (b).)

  Further undesignated statutory references are to the Code of Civil Procedure.

[3] Which provides:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."  (§ 473, subd. (d).)

3

action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action.  The notice of motion shall be served and filed within a reasonable time, but in no event exceeding . . . two years after entry of a default judgment against him or her.' " (*Trackman, supra*, 187 Cal.App.4th at p. 180.)

"Thus, a party can make a motion showing a lack of *actual notice* not caused by avoidance of service or inexcusable neglect, but such motion must be made no later than two years after entry of judgment, and the party must act with diligence upon learning of the judgment." (*Trackman, supra*, 187 Cal.App.4th at p. 180.)

"Where a party moves under section 473, subdivision (d) to set aside 'a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment' provided by section 473.5, that is, the two-year outer limit.  (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 209, pp. 814-815 (Witkin); see *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120-1124 [(*Rogers*)]; *Schenkel v. Resnik* (1994) 27 Cal.App.4th Supp. 1, 3-4; *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 301, fn. 3.)" (*Trackman, supra*, 187 Cal.App.4th at p. 180.)

"Second, the party can show that extrinsic fraud or mistake exists, such as a falsified proof of service, and such a motion may be made at any time, provided the party acts with diligence upon learning of the relevant facts." (*Trackman, supra*, 187 Cal.App.4th at p. 181.)

"[A] third avenue of relief is a motion to set aside the default judgment on the ground that it is [invalid on its face].  [Citations.]  'A judgment or order that is invalid on the face of the record is subject to collateral attack. [Citation.]  It follows that it may be set aside on motion, with no limit on the time within which the motion must be made.' " (*Trackman, supra*, 187 Cal.App.4th at p. 181.)

4

Fourth, "[i]f the invalidity does not appear on its face, [a] judgment or order may be attacked . . . in an independent equitable action without time limits." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228; see *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 670, fn. 5 ["A motion in the underlying case to set aside a default judgment as void for defective service of process must, under . . . section 473.5, be filed within a reasonable time not exceeding two years from the entry of the default judgment, but an independent action in equity to set aside a judgment on that ground is not subject to a time limit"]; *Ansley v. Superior Court* (1986) 185 Cal.App.3d 477, 488 ["a judgment void for lack of due process notice or extrinsic fraud is subject to attack at any time in a proceeding or action initiated for that purpose"].)

In summary, to attack a judgment that is *invalid* on its face, a motion to set it aside may be made at any time in the underlying action. But if a judgment is *valid* on its face, and more than two years have passed since entry of judgment, a party seeking to attack the judgment must either (a) show extrinsic fraud or mistake via a motion in the underlying action, *or* (b) pursue an independent action in equity.

B.      *"Improper Service" Theory of Relief Untimely as Judgment Was Facially Valid*

Here, rather than initiate an independent equitable action, Hoehn filed a motion in the underlying action attacking an almost nine-year-old judgment that was valid on its face.[4] Thus, regarding the theory of relief that the judgment was void for lack of proper service, the trial court properly ruled the motion was untimely, because it was filed more than two years after entry of judgment.

---

[4] Though Hoehn argued in the trial court that the judgment was "facially invalid and void for failure to serve" him with the summons and complaint, he does not reiterate that argument on appeal, and rightly so. "Leaving papers with an apparent coresident" at defendant's address "is a method of service reasonably calculated to achieve actual service, and is therefore facially valid, whether or not *actual* service is accomplished on the facts of a given case." (*Trackman, supra*, 187 Cal.App.4th at p. 185.)

Hoehn argues that "[s]ection 473[, subdivision ](d) has no time limit to set aside a void judgment." True, the text of the statute does not state a time limit. But case law does. (See *Trackman, supra*, 187 Cal.App.4th at p. 180 ["Where a party moves under section 473, subdivision (d) to set aside 'a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment' provided by section 473.5, that is, the two-year outer limit"].)

Hoehn argues that *Trackman*, and the "line of case law" that it rests on, was wrongly decided, but cites no authority expressly disagreeing with the holding in *Trackman* that a motion—under section 473, subdivision (d)—to set aside a facially valid judgment for lack of proper service must be filed within two years of entry of judgment.[5] Rather, Hoehn cites multiple cases declaring some version of the broad proposition that "a void judgment can be attacked at any time."[6] We agree that a void judgment can be

---

[5] We will apply *Trackman*'s holding in light of two considerations: (1) stability in the law (cf. *People v. Lujano* (2014) 229 Cal.App.4th 175, 190 [stability in the law has value, so an appellate court should be inclined to follow published decisions absent " ' "good reason to disagree" ' "]; *Arentz v. Blackshere* (1967) 248 Cal.App.2d 638, 640 [declining to disagree with decisions that "stood without contradiction for seven years"]); and (2) this is a question of statutory construction on which the Legislature can act, if it desires (see *Lucent Technologies, Inc. v. Board of Equalization* (2015) 241 Cal.App.4th 19, 35 ["Courts are especially hesitant to overturn prior decisions where, as here, the issue is a statutory one that our Legislature has the power to alter"]).

[6] For example, Hoehn invokes language in *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, which says that "[a] void judgment can be attacked at any time by a motion under . . . section 473, subdivision (d), or by collateral action." (*Id*. at p. 830) In support of that proposition, *Falahati* cited the language of section 473, subdivision (d) and *Rochin v. Pat Johnson Mfg. Co.* (1998) 67 Cal.App.4th 1228, 1239 (*Rochin*). (*Falahati, supra,* at p. 830, fn. 9.) But page 1239 of the *Rochin* opinion says "[a] judgment *void on its face . . .* is subject to collateral attack at any time." (*Rochin, supra*, at p. 1239, italics added.) Thus, to the extent *Falahati* might be seen as standing for the proposition that a void judgment *that is facially valid* can be attacked at any time under section 473, subdivision (d), *Falahati* marshalled no case law in support of that proposition.

6

attacked at any time. But if a void judgment is valid on its face, it cannot be attacked via section 473, subdivision (d) at any time. (Cf. *Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 [whether a judgment is void on its face or valid on its face is a distinction that " ' "may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment is void" ' "]; *Smith v. Jones* (1917) 174 Cal. 513, 517-518 [because "the motion . . . to set aside the judgment was made too late," the moving party "is required to seek whatever relief he is entitled to through an independent action in equity to set aside the judgment for want of jurisdiction in the court to pronounce it"]; *Hill v. City Cab & Transfer Co.* (1889) 79 Cal. 188, 190, 191 [explaining, in a case where defendant argued "judgment had been obtained without service upon him," that "a judgment which is void . . . cannot be shown to be void except in certain ways"].)

Hoehn argues that "legislative history demonstrates an insistence that section 473[, subdivision ](d)" has no "time limit." For support of that contention, Hoehn quotes language in cases from 1938 and 1940 that reference legislative intent that trial courts have the power to set aside void judgments. This language does not speak to legislative intent concerning a time limit within which a party must ask a trial court to exercise such power. Whereas *Rogers*—a case on which *Trackman* relied (*Trackman, supra*, 187 Cal.App.4th at p. 180)—*does* discuss the question of legislative intent concerning time limits for seeking to set aside void judgments. (See *Rogers, supra*, 216 Cal.App.3d at pp. 1121-1126.)

---

*Deutsche Bank National Trust Co. v. Pyle* (2017) 13 Cal.App.5th 513—which Hoehn also invokes—cites *Falahati* for the proposition that "[a] void judgment . . . can be set aside at any time." (*Id.* at p. 526.)

Hoehn also argues that application of a "two-year limitation to set aside otherwise void judgments . . . leads to absurd results," because this "allows a judgment that is void for lack of proper service to nonetheless retain its validity." The flaw in this reasoning is that application of a two-year time limit for motions under section 473, subdivision (d) does not preclude Hoehn from filing an independent action in equity to set aside the facially valid judgment (where the parties may litigate relevant factual questions).

C.     *Extrinsic Fraud Was Not Demonstrated*

Hoehn argues the trial court abused its discretion by failing to vacate the default judgment "due to extrinsic fraud and mistake."

As a preliminary matter, we will not consider for the first time on appeal an argument by Hoehn regarding extrinsic mistake. (See *DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676 [an argument or theory generally will not be considered if it is raised for the first time on appeal, because it would be unfair to the other party and the trial court].) Though Hoehn argued extrinsic *fraud* in the trial court, he did not clearly advance a theory of extrinsic *mistake*.

On the merits, and setting aside our concerns that Hoehn has failed to present developed appellate argument on the issue of extrinsic fraud,[7] we conclude the trial court

---

[7] A party seeking relief from the default judgment on grounds of extrinsic fraud must show, inter alia, the other party's inequitable conduct *and* "three elements: (1) a meritorious defense; (2) a satisfactory excuse for not presenting a defense in the first place; and (3) diligence in seeking to set aside the default judgment once discovered." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750 (*Rodriguez*); cf. *In re David H.* (1995) 33 Cal.App.4th 368, 381 ["[t]o be entitled to relief from a judgment on the ground of extrinsic fraud, a party must show he or she had a meritorious defense, which would have been raised but for the other party's wrongful conduct"].)

Here, Hoehn offers no argument that Capital Insurance or the company's attorney " ' "has by inequitable conduct . . . lulled [him] into a state of false security." ' " (*Gibble v. Car-Lene Research, Inc., supra*, 67 Cal.App.4th at p. 314.) Rather, Hoehn's opening brief jumps straight to the three *additional* elements necessary to demonstrate eligibility

8

did not abuse its discretion in rejecting the claim. (*Rodriguez, supra*, 236 Cal.App.4th at p. 749 [standard of review].) This is so, because "Evidence Code section 647 provides that a registered process server's declaration of service establishes a presumption that the facts stated in the declaration are true. [Citation.] A plaintiff may serve individual defendants through substitute service when they cannot be personally served with reasonable diligence. [Citations.] . . . 'Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as " 'reasonable diligence.' " [Citation.] The registered process server in this case declared under penalty of perjury that [s]he had effected substitute service on [Hoehn] by serving [Hoehn's then-girlfriend at Hoehn's residence], after [four] attempts to personally serve [Hoehn] at his [residence]. . . . This is not evidence showing that [California Capital] or [its] counsel practiced fraud on him." (*Rodriguez, supra*, 236 Cal.App.4th at pp. 750-751.)

In the trial court, Hoehn argued that California Capital (via the process server) "falsely claimed that [his] girlfriend . . . was a '[c]o-[o]ccupant' " of his San Mateo residence. But even if the process server *was* wrong about Hoehn's then-girlfriend's status at Hoehn's residence, that error by itself does not indicate *fraud*. (Cf. *Bein v. Brechtel-Jochim Group*, *Inc*. (1992) 6 Cal.App.4th 1387, 1393 [As " '[t]he evident purpose of . . . section 415.20 is to permit service to be completed upon a *good faith attempt* at physical service on a responsible person,' " "[s]ervice must be made upon a person whose 'relationship with the person to be served makes it more likely than not that

---

for relief from default judgment on grounds of extrinsic fraud. Accordingly, there is good reason to conclude that Hoehn has forfeited an "extrinsic fraud" argument on appeal. (See *Oak Valley Hospital Dist. v. State Dept. of Health Care Services* (2020) 53 Cal.App.5th 212, 228 ["For lack of development, this argument is forfeited"]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"].)

they will deliver process to the named party,' " (italics added and original italics omitted)].)

*D.      Abandoned Claim*

In his opening brief, Hoehn raised a claim of trial court error regarding certain evidentiary rulings. Because Hoehn abandons this claim in his reply brief, we do not address it.

## III.  DISPOSITION

The order denying Hoehn's motion to set aside default and default judgment is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.


We concur:


/S/

_____

HULL, Acting P. J.


/S/

_____

HOCH, J.